Joseph GIBSON, Plaintiff–Appellant,

v.

Stephen L. McEVERS et al., Defendants–Appellees.

No. 79–2416.

United States Court of Appeals, Seventh Circuit.

Argued May 9, 1980.

Decided Aug. 8, 1980.*

Opinion Sept. 23, 1980.

---

* This appeal was originally decided by unreported order on August 8, 1980. See Circuit Rule

35. The Court has subsequently decided to issue the decision as an opinion.

Thomas Rizzo, law student c/o Prof. Charles F. Crutchfield, Notre Dame, Ind., for plaintiff–appellant.

Vincent Moreth, Asst. Atty. Gen., Springfield, Ill., for defendants–appellees.

Before CUMMINGS, Circuit Judge, NICHOLS, Associate Judge,** and PELL, Circuit Judge.

CUMMINGS, Circuit Judge.

On July 20, 1979, plaintiff, an inmate of the Logan Correctional Center in Lincoln, Illinois, filed this civil rights action under 42 U.S.C. § 1983, seeking to redress his constitutional rights. Defendant McEvers is the assistant warden at Logan and the remaining named defendants are also officials there. In addition, the complaint named eight John Doe defendants who are "members off the Adult Authority of the State of Illinois * * * [and] are responsible for deciding when Illinois State Prisoners should be released on Supervisional parole" (Par. 9 of Complaint). Plaintiff, a black prisoner, alleged that he was the audio–visual clerk of the institution's library. On June 19, 1979 he went to defendant Laura Coffey's classroom in order to obtain from her an overdue projector for use by teacher Shurbe. Because of her annoyance at his entrance into Coffey's classroom, she filed a complaint termed a "Resident Disciplinary Report" stating that Gibson came into her classroom and spoke to her "in a gruff, forceful, and intimidating manner" about the projector in violation of AR–804 11–1–(2) dealing with being disrespectful to any employee of the institution (Par. 13). Five members of Mrs. Coffey's class agreed to be witnesses for plaintiff but they were not called by the adjustment committee which

** The Honorable Philip Nichols, Jr., Associate Judge of the United States Court of Claims, is sitting by designation.

found plaintiff guilty and therefore deprived him of two weeks of commissary and movie privileges.

Defendant McAfee, Educational Administrator at Logan, assertedly tried to have plaintiff removed from his library assignment as a result of one of McAfee's "ultra and extreme racialist teachers having written a Black disciplinary report" about plaintiff (Par. 16). Even though the adjustment committee refused McAfee's request, he and another "racialist," namely, defendant McEvers, told defendant librarian Neal Van Der Vorn to get rid of plaintiff. According to the complaint, the Logan Education Department doesn't employ blacks or minority race members in any capacity but only "extreme white racialist[s] that will employ their positions to exercise their racialist hangups on the minority race" (Par. 16).

The complaint added that defendant McEvers did everything humanly possible to prevent plaintiff from using the legal library at Logan to obtain photocopies of a grievance of the plaintiff complaining that Logan employees accept bribes and gifts of gratuities. Defendants supposedly threaten inmates with shipment to a maximum security prison when prisoners file grievances. Plaintiff sought a declaratory judgment that defendants' acts violated his First Amendment and due process rights, injunctive relief, and $10,000 in damages from all defendants except members of the Illinois Adult Authority.

Five days later plaintiff filed an amendment to his complaint asserting various racially discriminatory practices at Logan, noting that no blacks were given suitable positions at Logan, with black prisoners being confined to one side of the residence dining room. Plaintiff excepted Chief Administrator Leo Meyer from his charges because he was "openly honestly" [sic] (Par. 12).

About six weeks later plaintiff filed another amendment to his *pro se* complaint. Here he alleged that at 5:55 p. m. on August 27, 1979, he had a cold and his "chest was burning with pain." This amendment named two defendants, *i. e.*, John Carr,

administrator of the Logan Medical Unit, and Betty Dobbs, a nurse employed there, who denied him medical relief for his cold until the next morning. Plaintiff sought $20,000 in actual damages and $20,000 in punitive damages from these defendants and increased his *ad damnum* as to the other defendants by $10,000 each, but again exempting the Illinois Adult Authority members.

On November 12, 1979, Judge Ackerman filed a memorandum order granting defendants summary judgment. As to plaintiff's claim that he was unreasonably denied access to the courts, the district judge stated that these claims were "belied by his correspondence with this court." The court determined that the defendants' regulations relating to the use of photocopying machines at Logan were reasonable and had enabled plaintiff to make three copies of his lengthy response (R. Item 33) to defendants' motion to dismiss. Therefore, the district court concluded that defendants had not infringed plaintiff's constitutional right of access to the courts.

As to possible denial of medical treatment in violation of the Eighth Amendment, Judge Ackerman stated that plaintiff's allegations about medical care "are premised upon conclusory opinions of the plaintiff and do not allege a deliberate indifference to medical needs sufficient to state a constitutional claim." Medical attention was proffered to plaintiff at 6:30 a. m. the day following his evening request therefor.

As to plaintiff's general claims of racial discrimination, the district judge held that they related to internal prison matters not subject to judicial scrutiny "in light of the information filed by the defendants in support of their motion" for summary judgment.

In the closing portion of his memorandum order, the district judge noted that friction had existed between plaintiff and defendants, as revealed by the animosity shown in plaintiff's correspondence with the court. Therefore he held that the amended complaint should be dismissed as malicious un-

der 28 U.S.C. § 1915(d).[1] He concluded that plaintiff's allegations were "unfounded under the circumstances here presented when measured against a constitutional standard." Therefore summary judgment was entered in favor of defendants. We affirm.

*Disciplinary Hearing*

■ In his first complaint, plaintiff alleged that he was denied due process at his disciplinary hearing involving Mrs. Coffey's complaint of his disrespectful conduct. He was given notice, an opportunity to be heard, and a written statement of the evidence relied upon and the reasons for the discipline imposed as required by *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935. The Constitution and administrative regulations do not confer upon prisoners the right to call witnesses to present evidence when, as here, only lesser penalties were imposed, namely a fortnight's deprivation of movie and commissary privileges.

*Photocopy Regulation*

■ Plaintiff's allegation that he was de-.iied due process because of a prison regulation[2] restricting the use of the Logan library's photocopying machine is baseless. The regulation in question was geared to the library's resources for photocopying legal material and was clearly reasonable. Furthermore, the record discloses that many, if not all, of plaintiff's documents were photocopied and that others would have been if he left them with the librarian as requested. Since there was no showing that plaintiff was denied access to the courts by virtue of this regulation, summary judgment was justified.

*Removability of Plaintiff's Job Assignment*

· ■ A careful study of the amended complaint discloses that plaintiff did not allege that he lost his audio–visual clerkship. · Appointed counsel are mistaken about this. Even if plaintiff had com-

plained that he was removed from his clerkship, a transfer to another job would be permissible as a matter of prison administration. An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the due process clause. *Altizer v. Padernick*, 569 F.2d 812, 813 (4th Cir. 1978); *Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975).

*Denial of Medical Care*

■ Plaintiff's allegation that he was refused medical treatment for a cold does not show deliberate indifference to a serious medical need, and therefore there was no violation of his constitutional rights. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Moreover, according to his amended complaint, plaintiff did not report his cold until 5:55 p. m. and he was then offered medical attention at 6:30 a. m. the next morning. Although plaintiff refused to accept that offer, he has not shown that the hospital staff would have harmed him if he reported there. No damage to his health resulted. Consequently, summary judgment was proper on this claim too. *Thomas v. Pate*, 493 F.2d 151, 157–158 (7th Cir. 1974).

*Claims of Racial Discrimination*

■ Plaintiff alleged that black inmates like himself received unequal treatment when being considered for job assignments or when subjected to disciplinary proceedings. He has not shown that he was denied any job. Apart from insufficient conclusionary statements, plaintiff has only alleged that the Logan Hearing Board is used to enforce white supremacy. However, defendants' Exhibits show that no member of the board was a witness or accuser of the plaintiff, that two of the three members of the board were black, and that one minority member is always required. Therefore the claims must fail. *Thomas v. Pate, supra* at 160, 161–162.

---

1. 28 U.S.C. § 1915(d) permits a federal court to dismiss a case "if satisfied that the action is frivolous or malicious." See *Wartman v. Branch 7*, 510 F.2d 130 (7th Cir. 1975).

2. The regulation is the first exhibit appended to defendants' brief.

The Logan Correctional Center is subject to a 1978 consent decree entered into between the Department of Justice and the State of Illinois that was designed to eliminate racial discrimination at Logan. Judge Ackerman presides over the consent decree and in granting defendants summary judgment he must have considered that the defendants had not violated the comprehensive consent decree, as shown by the reports thereunder (Exhibit D to motion to dismiss; R. Item 31). This very record shows that blacks are not treated disproportionately to whites with respect to job or meal assignments and discipline at Logan (*idem*; see also Exhibit E[3] to motion to dismiss; R. Item 31).

Judgment affirmed.

---

**3.** Exhibit E is Chief Administrator Leo Meyer's affidavit refuting plaintiff's discriminatory charges. Meyer was depicted as "openly honestly" in the first amendment to the Complaint.