727 F.2d 757
 Gary WHITE, Appellant,
v.
Donald WYRICK, Warden, M.S.P., William Armontrout, Leroy
Casey, Robert Borghardt, Leroy Looten, James
Eberle, Officer Flowers, Mr. Foster, Dr.
Keys, John Sydow, and Donald
Jenkins, Appellees.
 No. 82-2140.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 18, 1983.
Decided Feb. 13, 1984.
 
 John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, Mo., for appellees.
 David H. Johnson, Riverside, Mo., for appellant.
 Before ROSS and ARNOLD, Circuit Judges, and MURPHY,* District Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 Gary White, an inmate in the Missouri State Penitentiary, brought this civil-rights suit against the warden and other employees of the Missouri Department of Corrections alleging, among other things, that the defendants had failed to accord him due process in a disciplinary proceeding. White asked for damages and a declaratory judgment. After a jury found in favor of the defendants, the District Court[1] entered judgment accordingly. We affirm.
 
 
 2
 On May 29, 1979, White appeared before the prison Adjustment Board to answer a charge that he had filed a false grievance. White asked to call several prison employees as witnesses on his behalf. Pursuant to prison policy, the hearing was continued until the next day, and a member of the Adjustment Board asked the witnesses if they wished to appear. Each witness declined, giving no reason for his decision. No attempt was made to obtain statements from the witnesses. When the hearing reconvened, White testified on his own behalf, and the Adjustment Board found him guilty on the basis of the complaining officer's written violation report and sentenced him to five days in the adjustment unit (solitary confinement). Then, when White used abusive language to the Board, the Board sentenced him to an additional five days.
 
 
 3
 White contends that he was denied his constitutional right to compulsory process. We disagree. In Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974), the Court held that an "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." But Wolff does not explicitly address the issue of compulsory process. Whether an inmate has a right to compel the testimony of witnesses who do not wish to testify on his behalf depends on the general concept of due process, which "is not a technical conception with a fixed content, unrelated to time, place and circumstances." Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 162, 71 S.Ct. 624, 643, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring). "[O]ne cannot automatically apply procedural rules designed for free citizens in an open society, or for parolees or probationers under only limited restraints, to the very different situation presented by a disciplinary proceeding in a state prison." Wolff, supra, 418 U.S. at 560, 94 S.Ct. at 2977. "[T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Id. at 556, 94 S.Ct. at 2975.
 
 
 4
 We hold that, under the circumstances presented here, White had no federal constitutional right to compulsory process. The Adjustment Board was authorized to impose only ten days' disciplinary confinement. White does not allege that the Board's action would cause his release from prison to be postponed, either by affecting his eligibility for parole or by causing revocation of any good-time credits that he might have. Compare Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir.1980) ("The Constitution ... [does] not confer upon prisoners the right to call witnesses to present evidence when, as here, only lesser penalties were imposed, namely a fortnight's deprivation of movie and commissary privileges."), with Dalton v. Hutto, 713 F.2d 75 (4th Cir.1983) (prison guideline providing inmate with the right to present only voluntary testimony of witnesses held unconstitutional where inmate was sentenced to 15 days in isolation and loss of all accumulated good time). Where the inmate is at risk only of being subjected to ten days' solitary confinement, we do not believe that the Constitution mandates that the inmate be afforded the right to compulsory process, in view of the disruption of the orderly administration of the state prison which could ensue.[2]
 
 
 5
 We have considered White's other arguments and find them all to be without merit. Accordingly, the judgment of the District Court is
 
 
 6
 Affirmed.
 
 
 
 *
 The Hon. Diana E. Murphy, United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Hon. Scott O. Wright, United States District Judge for the Western District of Missouri
 
 
 [2]
 White claims that a state administrative regulation provides that if an inmate wishes to call witnesses on his behalf, the Adjustment Board must reschedule the hearing until the witnesses are notified and present. Brief for Appellant at 14. This regulation might be construed to afford White the right to compulsory process under state law. It does not, however, create such a federal constitutional right