803 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EL-HAJJ ALI HAKIM MAJIED, Plaintiff-Appellant
v.
ROBERT BROWN, ET AL., Defendants-Appellees.
 No. 86-1194.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1986.
 
 1
 BEFORE: KEITH and KENNEDY, Circuit Judges; CONTIE, Senior Judge
 
 ORDER
 
 2
 El-Hajj-Ali Hakim Majied timely filed this pro se appeal from the January 24, 1986, order of the district court dismissing his civil rights complaint. This matter is currently before the Court on Majied's motion for appointment of counsel. Although requested to file an informal brief by April 30, 1986, Majied failed to do so. The defendants have notified the Court of their intention not to respond to the motion. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion and the record, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Majied, a Michigan state prisoner, brought this action pursuant to 42 U.S.C. Sec. 1983 against the defendant prison officials alleging that when he was transferred from Marquette to the State Prison of Southern Michigan at Jackson, defendant Charles D. Sprang refused to retain him in his prison industries job. Instead, Sprang required that Majied work 90 days in the kitchen prior to being placed back into industry. Majied subsequently filed grievances with defendants Weinberg and Brown, which were denied. Majied then filed a complaint seeking back pay, bonuses, raises, and compensatory damages for humiliation and mental distress. The district court summarily dismissed Majied's complaint pursuant to 28 U.S.C. Sec. 1915(d), and this appeal followed on February 14, 1986.
 
 
 4
 The district court may sua sponte dismiss an in forma pauperis complaint pursuant to 28 U.S.C. Sec. 1915(d) if satisfied that the action is malicious or frivolous (Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985) (per curiam)), and if the court explicitly relies on Sec. 1915(d). Harris v. Johnson, 784 F.2d 222 (6th Cir. 1986). Pro se complaints must be liberally construed, however, and "must be held to 'less stringent standards than formal pleadings drafted by lawyers."' Estelle v. Gamble, 429 U.S. 97, 106 (1976), quoting Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se complaint may be dismissed as frivolous "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983).
 
 
 5
 It is clear from the complaint that Majied can prove no set of facts which would entitle him to relief in this case. The classifications and work assignments of prisoners are matters of prison administration, within the sound discretion of prison administrators. Altizer v. Paderick, 569 F.2d 812 (4th Cir.) (per curiam), cert. denied, 435 U.S. 1009 (1978). The district court correctly held that an "expectation of keeping a particular prison job does not amount to either a property or a liberty interest cognizable under Sec. 1983." Gibson v. McEvers, 631 F.2d 95 (7th Cir. 1980); Altizer v. Paderick, supra.
 
 
 6
 Accordingly, it is ORDERED that the motion for appointment of counsel is denied and the judgment of the district court is hereby affirmed. Sixth Circuit Rule 9(d)(3).