815 F.2d 77
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas H. ELLISON, Plaintiff-Appellant,
v.
Charles ELLIS, Gary Stutler, Al Cross, Dale E. Flotz, Elton
Scott, Chris Daniels, Larry Brugger, and W.
Schnarrs, Defendants-Appellees.
 No. 86-1410.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1987.
 
 1
 Before KRUPANSKY, Circuit Judge, CELEBREZZE, Senior Circuit Judge, and WEBER, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the informal briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Appellant, an inmate at the State Prison for Southern Michigan, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in which he sought both money damages and injunctive relief in consequence of two separate incidents in relation to his employment as a carpenter at that institution. First, he maintained that appellees had wrongfully denied him a promotion on account of his race. Second, appellant allowed that appellees improperly discharged him from his job due to his having instituted a formal grievance proceeding regarding his claim of discrimination. Appellees' chief response to appellant's complaint was the filing of a motion for summary judgment which was granted by the district court on April 15, 1986. Appellant consequently filed this appeal and has moved for the appointment of counsel.
 
 
 4
 Summary judgment is proper only when the district court, drawing all inferences in favor of the non-moving party, can conclude that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure; Kendall v. Hoover Company, 751 F.2d 171 (6th Cir.1984); Shavrnoch v. Clark Oil and Refining Corp., 726 F.2d 291 (6th Cir.1984). Furthermore, in responding to a motion for summary judgment, the non-moving party may not rest upon the allegations contained in the pleadings, but has an affirmative duty to overcome by means of affidavit or other appropriate evidence the moving party's demonstration of the conditions delineated in Rule 56(c), Federal Rules of Civil Procedure. Rule 56(e), Federal Rules of Civil Procedure; Shavrnoch, supra; Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).
 
 
 5
 Application of those general rules indicates that the district court did not err in granting appellees' motion for summary judgment. First, in regard to appellant's claim that he was wrongfully denied a promotion, there is no genuine issue of material fact as the parties agree that appellant applied for but did not receive an assignment to a higher-level carpenter's position. Those facts standing alone, however, are insufficient to give rise to a civil rights action as a prisoner does not have protected interest in a particular job so as to entitle him to relief under 42 U.S.C. Sec. 1983. Gibson v. McEvers, 631 F.2d 95 (7th Cir.1980); Altizer v. Pedernick, 569 F.2d 812 (4th Cir.), cert. denied, 435 U.S. 1009 (1978); Bryan v. Werner, 516 F.2d 233 (3rd Cir.1975). Furthermore, appellant's additional allegation that the denial of his request for a promotion was on account of his race does not give rise to a cause of action under that statute as he neither pleaded that appellees were following a policy of determining work assignments on the basis of race, nor presented the district court with evidentiary materials to contradict that submitted by appellees to explain the denial of the promotion. Rule 56(e), Federal Rules of Civil Procedure; Harris v. Greer, 750 F.2d 617 (7th Cir.1984).
 
 
 6
 Likewise, the district court did not err in dismissing appellant's complaint insofar as it concerned his eventual discharge from his employment. Although appellant alleged in the pleadings that that action had been taken in consequence of his prosecution of a grievance proceeding, he failed to submit any evidentiary materials to that effect to contradict that tendered by appellees which indicated that he had been released from his job due to his excessive absenteeism. Rule 56(e), Federal Rules of Civil Procedure.
 
 
 7
 The questions on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the motion for appointment of counsel be and hereby is denied and the district court's final judgment entered April 15, 1986, be and hereby is affirmed.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation