875 F.2d 863
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul FAZZINI, Plaintiff-Appellant,
v.
John GLUCH; J.R. Lawless; Officer Strumberger, Defendants-Appellees.
 No. 88-2147.
 United States Court of Appeals,Sixth Circuit.
 May 23, 1989.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Paul Fazzini moves to amend the caption and appeals from the district court's judgment granting the defendants' motion for summary judgment and dismissing his complaint filed under 42 U.S.C. Sec. 1983. Because the defendants are all employees of a federal prison, the action might more appropriately have been brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Fazzini claimed that he was denied access to the courts, that he was forced to work even though he was not medically fit, that he was harassed in retaliation for filing this suit, that his due process rights were violated when he was placed in administrative segregation after he was unable to provide a urine sample, and that he was denied adequate medical treatment. In addition, he contests his transfer from the Milan, Michigan prison to one in Oxford, Wisconsin. Fazzini named the warden and various prison officials at the Federal Corrections Institution at Milan as defendants. He requested monetary and injunctive relief.
 
 
 3
 After reviewing the complaint, amended complaint, defendants' motion for summary judgment, the magistrate's report and recommendation, and Fazzini's objections, the district court granted the defendants' motion for summary judgment and dismissed the action as meritless.
 
 
 4
 This appeal followed. On appeal, Fazzini claims that the district court improperly decided not to appoint counsel, that the district judge should have recused himself from the case, that he was denied access to the courts, that he was denied adequate medical treatment, that he was required to work when he was not physically fit, and that he was improperly transferred to another prison.
 
 
 5
 As an initial matter, Fazzini has not raised on appeal the issue of whether he was harassed in retaliation for filing this lawsuit. As a result, this issue is considered abandoned and will not be reviewed by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Next, Fazzini has raised the following issues for the first time on appeal: whether he could be forced to work under threat of sanction, whether he has the right to equal pay for equal work, whether the Bureau of Prisons can assume responsibilities that a sentencing judge had delegated to another agency, and who should decide whether an inmate is indigent. No exceptional circumstances are present, thus the court will not address these issues that were not raised in the district court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 6
 Upon consideration, we conclude the district court correctly granted summary judgment for the defendants as the record shows that there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 7
 First, the district court did not abuse its discretion in deciding not to appoint counsel since Fazzini's claims are without merit. See 28 U.S.C. Sec. 1915(d).
 
 
 8
 Second, the district judge correctly refused to disqualify himself from this action. Fazzini alleged that the judge showed bias in favor of the government because he failed to grant plaintiff's requests for relief. Fazzini failed to allege that the alleged bias arose as a result of extrajudicial activity so as to require recusal. See In re City of Detroit, 828 F.2d 1160, 1168 (6th Cir.1987) (per curiam). Thus, this claim fails.
 
 
 9
 Third, the district court correctly determined that Fazzini was not denied access to the courts. Fazzini claimed that the defendants opened legal mail outside his presence, monitored telephone calls to his attorney, denied him photocopying, free copies and stamps and rejected stamps sent to him. In general, this claim fails because Fazzini did not prove that he was denied either access to a law library or the assistance of legally trained personnel, which is all that is constitutionally required. See Bounds v. Smith, 430 U.S. 817, 828 (1977). More specifically, the claim fails because defendants submitted an affidavit of a prison official in which the official states he never opened Fazzini's legal mail marked "Special Legal, Open Only in the Presence of the Inmate". Fazzini offered no evidence in rebuttal, thus, summary judgment was proper. Celotex Corp, 477 U.S. at 324; Rogers v. Stratton Indus., 798 F.2d 913, 915 (6th Cir.1986) (per curiam). Next, Fazzini complained that the F.C.I. Milan telephone procedures denied him access to his attorney. However, Fazzini has alternative means available for completing his legal work; i.e., through correspondence or visiting. Fazzini may not like the prison's limitations on telephone calls, but this does not constitute denial of access to his attorney. Plaintiff further alleged that he was denied photocopying facilities and has had to pay for photocopies in most instances. The warden's affidavit states that photocopying is available to inmates, and a memorandum states that legal briefs and other materials can be duplicated by use of copy sets. The right of access to the courts does not require that prison officials provide free, unlimited access to photocopying machines. See Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir.1980). In addition, the record reveals that Fazzini has filed several pleadings with photocopies attached. It appears that he is able to obtain copies of the documents necessary to pursue his claims; thus, the prison policies have not violated his right of access to the courts. Next, Fazzini claims that he was denied stamps. The record shows that Fazzini did receive free government stamps. While indigent inmates must be provided stamps at state expense to mail legal documents, see Bounds, 430 U.S. at 824-25, the Bureau of Prisons can restrict free postage issued to inmates each month. See 28 C.F.R. Sec. 540.21(d). Fazzini may not like the prison restrictions, but he has not been denied access to the courts by these practices.
 
 
 10
 In sum, Fazzini's allegation that he has been denied access to the courts by the prison policies concerning mail, telephone use, photo copies, and stamps is without merit.
 
 
 11
 Fourth, the district court correctly decided that Fazzini was not denied adequate medical treatment. The record does not show that the prison officials were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Fazzini complained that he was given Tylenol rather than Talwin for his headaches, and also requested a referral to an outside physician which the defendant doctor denied. These instances are merely differences of opinion between Fazzini and his doctor, and do not state a constitutional claim. See Estelle, 429 U.S. at 107.
 
 
 12
 Fifth, Fazzini claimed that he was required to work when he was not physically fit. Defendants assert that Fazzini was cleared to work in the department to which he was assigned. Fazzini did not rebut this statement; thus, summary judgment was proper. See Celotex Corp., 477 U.S. at 324; Rogers, 798 F.2d at 915. In addition, a prisoner's expectation of keeping a particular job does not amount to either a property or liberty interest entitled to protection under the Due Process clause. Gibson, 631 F.2d at 98.
 
 
 13
 Sixth, Fazzini claims that he was improperly transferred to another prison. There is no inherent constitutional right to placement in any particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245-51 (1983). To the extent that Fazzini's claim implies that he was transferred in retaliation for bringing this lawsuit, he has a substantial burden in attempting to prove that the actual motivating factor for his transfer was retaliation. Fazzini must prove that he would not have been transferred "but for" the alleged reason. McDonald v. Hall, 610 F.2d 16, 18-19 (1st Cir.1979). The record reflects that Fazzini was placed in administrative segregation after twice refusing, within six weeks, to provide a urine sample. The Discipline Committee recommended a disciplinary transfer for Fazzini's repeated failure to comply with prison policy. Under the burden established by the First Circuit in McDonald, this evidence regarding Fazzini's transfer unquestionably refutes his allegation that he was transferred in retaliation for filing suit against certain F.C.I. Milan officials.
 
 
 14
 Finally, Fazzini's motion to amend the caption is denied as moot as the district court has already issued an order granting his request to add the additional defendants.
 
 
 15
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.