953 F.2d 646
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clarence WALKER, Plaintiff-Appellant,
v.
Linda STONE and Charles W. Parrish, Defendants-Appellees.
 No. 90-2753.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 30, 1992.*
Decided Feb. 3, 1992.
 
 Before POSNER, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Clarence Walker, an inmate incarcerated at Stateville Correctional Center in Joliet, Illinois, brought this civil rights action against two medical technicians and a physician on the prison's staff alleging that they denied him adequate medical care in violation of the eighth amendment's prohibition against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97 (1976). The district court granted summary judgment for the defendants, and Walker appeals.
 
 
 2
 Walker first claimed that the defendants gave him outdated insulin for his diabetes in an attempt to kill him. Walker admitted, however, that he refused to inject himself with this insulin. He also failed to show that he suffered harm as a result of the defendants' actions. See Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir.1980). The record was simply devoid of any evidence that the defendants administered insulin to him recklessly or with "deliberate indifference" to his diabetic condition. See Wilson v. Seiter, 111 S.Ct. 2321, 2324-26 (1991); McGill v. Duckworth, 944 F.2d 344, 347-49 (7th Cir.1991); Duckworth v. Franzen, 780 F.2d 645, 652-53 (7th Cir.1985), cert. denied, 479 U.S. 816 (1986).
 
 
 3
 Walker next claimed that the defendants conspired to place him in segregation by writing false disciplinary reports in retaliation for his refusal to take outdated insulin. Yet Walker was unable to produce sufficient evidence of the existence of a conspiracy and the defendants' involvement in it. See Kunik v. Racine County, 946 F.2d 1574, 1580-81 (7th Cir.1991). His inability to do so warranted the entry of summary judgment against him. See Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 4
 Walker's last claim was that he spent six days in segregation with two sheets and no heat, and that as a result, he had to go to an emergency room for treatment and insulin. But Walker failed to show that the defendants were personally responsible for the conditions in segregation, precluding their liability under § 1983. See Rascon v. Hardiman, 803 F.2d 269, 273-74 (7th Cir.1986); Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir.1981). These defendants did not even make the decision to put him in segregation. Prison rules leave that determination to the guard supervisor on duty. See Ill.Admin.Code tit. 20, § 504.40 (1985), as amended 12 Ill.Reg. 8361 (1988).
 
 
 5
 The judgment of the district court is affirmed. Walker's request for the appointment of counsel is denied as moot.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Walker has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record