989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rudolph L. LUCIEN, Plaintiff-Appellant,
v.
Howard A. PETERS, III, Thomas Huskisson, Albert C. Esquivel,
et al., Defendants-Appellees.
 No. 91-3598.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 4, 1993.*
Decided March 16, 1993.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 This civil rights action arose out of a prison disciplinary proceeding in which the prisoner, Rudolph Lucien, was found guilty of disobeying a direct order and being insolent, and was denied commissary privileges for a month. Lucien complained that the proceeding violated his Fourteenth Amendment right to due process because the charging officer wrote a false disciplinary report against him, and because the Adjustment Committee failed to call two witnesses and made its decision without sufficient evidence of guilt. The district court held that the disciplinary proceeding comported with the due process requirements of Wolff v. McDonnell, 418 U.S. 539 (1974), and Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445 (1985), and Lucien appealed.
 
 
 2
 We affirm the decision of the district court because Lucien had no legally protected interest in commissary privileges and therefore was unable to invoke the Wolff/Hill requirements. Stewart v. McGinnis, 800 F.Supp. 604, 619-20 (N.D.Ill.1992); see Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Wolff, 418 U.S. at 572 n. 19; see also Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir.1980). While the due process clause itself does not create a protected interest in the denial of commissary privileges, Campbell v. Miller, 787 F.2d 217, 222 (7th Cir.), cert. denied, 479 U.S. 1019 (1986), state law may do so. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1989). A protected interest is created when a state statute or regulation establishes " 'substantive predicates' to govern official decisionmaking" and mandates "the outcome to be reached upon a finding that the relevant criteria have been met." Id. at 462. Section 210.20 of the Illinois prison regulations provides that each prison "may establish a commissary or canteen for committed persons." Ill.Admin.Code tit. 20, § 210.20(a) (emphasis added). Section 504.20 prohibits prison adjustment committees from ordering corporal and other types of punishment, but says nothing about commissary privileges. Ill.Admin.Code tit. 20, § 504.20(c). Neither these regulations nor their authorizing statute create a protected interest in commissary privileges. See Ill.Ann.Stat. ch. 38, p 1003-7-2a. As a result, Lucien was not entitled to invoke the procedural protections of due process at his prison disciplinary proceeding.
 
 
 3
 We conclude further that even if Lucien had a protected interest in commissary privileges, he was not deprived of that interest without due process. As the district court found, Lucien's disciplinary proceeding satisfied due process require-ments. Moreover, the finding of his guilt was supported by some evidence.
 
 
 4
 Finally, Lucien complains that the district court erred in not ruling on the defendants' discovery motion before granting them summary judgment, but in the absence of any showing of prejudice, we cannot say that the district court abused its discretion in so doing. Brown-Bey v. United States, 720 F.2d 467, 471 (7th Cir.1983).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record