59 F.3d 173
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Gene V. GRAHAM, Plaintiff-Appellant,
v.
Anthony HENDERSON, Defendant-Appellee.
 No. 94-2165.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1995.*
Decided June 21, 1995.
Rehearing and Suggestion for Rehearing
En Banc Denied
July 17, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Albert Henderson, am employee of a prison library, charged Gene Graham with misconduct, and a prison disciplinary board agreed. Graham then sued Henderson under 42 U.S.C. Sec.1983, contending that Henderson made the changes in retaliation for Henderson's efforts to obtain access to the courts. The district court dismissed the complaint under Fed. R. Civ. P. 12(b)(6).
 
 
 2
 The first question is whether Graham is entitled to pursue the litigation in light of Heck v. Humphrey, 114 S. Ct. 2364 (1994). We think that the answer is yes, because 28 U.S.C. Sec.2254 did not offer Graham any opportunity to contest the merits of the discipline he received. The Conduct Adjustment Board assigned Graham to 20 hours of work details and revoked his recreational privileges. Neither step creates or extends "custody," so Sec.2254 is not an available remedy and the rationale of Heck does not apply.
 
 
 3
 As for the merits: if a state prison or one of its employees winked at disciplinary infractions by some prisoners while prosecuting others, and in the process differentiated on account of the exercise of rights protected by the Constitution, it would thereby violate the Constitution. But this is as far as Graham gets, because he has not offered to prove that the charge retaliated for the exercise of a constitutional right. Graham asked Henderson to copy some papers. Henderson read them to determine whether to charge Graham for the copies; Graham objected, and eventually Henderson accused Graham of misconduct. Henderson also copied the papers, so there was no denial of access to the courts. Graham believes that he has a right to keep his legal documents from prying eyes, see Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974), and that it was the assertion of this right that led to the disciplinary charges.
 
 
 4
 According to Graham's own complaint, however, this is not a dispute about secrecy per se but about how the prison charges for photocopies. Prisoners do not have a right to unlimited free copies. Indeed, they do not have a right to unlimited free copies of legal materials, although they are entitled to services necessary to ensure access to the judicial process. Bounds v. Smith, 430 U.S. 817 (1977); Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1989); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) If Graham had tendered to Henderson a sheaf of recreational reading, the prison could have charged for copies. Given this, how is the prison to set the right fee without looking at the documents? Cf. Turner v. Safley, 482 U.S. 78, 89 (1987). Indeed, how is a prison to prevent unlawful duplication of copyrighted materials without knowing what is going through the photocopier? By insisting that the prison make free copies without reading what it was copying, Graham was not invoking a constitutional right; he was simply trying to get something for nothing. He may have believed that he was asserting a protected right, but belief is no substitute for actual protection. If in the process he violated a prison rule, he cannot obtain relief from a federal court.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record