In the
United States Court of Appeals
For the Seventh Circuit

No. 98-2998

TERRY C. JOHNSON,

Plaintiff-Appellant,

v.

DEBBIE STOVALL,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 4340--Milton I. Shadur, Judge.

Argued July 12, 2000--Decided November 30, 2000

Before RIPPLE, ROVNER, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.  Mr. Terry Johnson, an
Illinois state prisoner, filed this suit pro se
under 42 U.S.C. sec. 1983 alleging that various
prison employees violated his Eighth and
Fourteenth Amendment rights. He also claimed that
Debbie Stovall, a nurse at the prison where he
was incarcerated, filed false disciplinary
reports and injury reports against him in
retaliation for Johnson's filing a grievance
against her and for complaining about her to
other medical staff. Before the defendants were
served, the district court dismissed the case as
frivolous pursuant to 42 U.S.C. sec. 1997e(c)(1).
Johnson, with the assistance of appointed
counsel, now appeals only the dismissal of his
retaliation claim against Nurse Stovall. We
reverse and remand.

In July 1998, Johnson, who was at the time
incarcerated at Stateville Correctional Center,
filed this suit against Stovall as well as
Illinois Department of Corrections (IDOC)
Director Odie Washington, Stateville Warden
George DeTella, and various members of IDOC's
Adjustment Committee. The complaint states that
Johnson received over twenty disciplinary
reports, which resulted in placement in
segregation, a security grade increase, and the
loss of good time credits. Johnson contended that
in administering these disciplinary reports, the
putative defendants, minus Stovall, violated the
Due Process Clause of the Fourteenth Amendment,

Illinois state law, and IDOC regulations. With regard to Stovall, Johnson alleged that she filed false disciplinary charges and injury reports against him in retaliation for his filing a grievance against her and complaining about her to other medical staff. Additionally, Johnson claimed that Stovall denied him his tuberculosis medication, presumably in violation of the Eighth Amendment. In support of his complaint, Johnson attached the disciplinary reports that prison employees (including Stovall) had filed against him and the Adjustment Committee's decisions on these reports. He also attached the results of a polygraph examination, in which the examiner concluded that Johnson was not being truthful with respect to an assault and battery he allegedly committed on Stovall.

Before the defendants were served with process, the district court sua sponte dismissed as frivolous pursuant to sec. 1997e(c)(1) the retaliation claim against Stovall, and dismissed all of the other claims against Stovall and the other named defendants (without citing the specific statutory basis for doing so). In dismissing the retaliation claim against Stovall, the district court considered all of the disciplinary reports that were attached to Johnson's complaint--including those reports from prison employees besides Stovall--and found that they "portray [Johnson] as a major troublemaker capable of threats and (even worse) dangerous actions." Furthermore, the court pointed to one of Stovall's disciplinary charges against Johnson that alleged he had struck her hand and then burned her hand with a cigarette. The district court then stated that "that charge was supported not only by the testimony of another correctional officer who witnessed the incident but also by a polygraph examination that found Johnson had answered deceptively." Finally, the district court concluded that its "review of the entire package of disciplinary reports and related materials that Johnson has himself annexed to his Complaint leaves it with the firm conviction that Johnson's current Complaint of misconduct on [Stovall's] part fits [the description of a frivolous or malicious claim]."

Johnson timely filed a motion for reconsideration, requesting that the district court grant him leave to amend his complaint. The district court denied leave to amend, reasoning that "[t]his is not a situation in which a pro se litigant has submitted an incomplete or inarticulate (or even incoherent) complaint, so as to call for giving the litigant a second opportunity to reframe the allegations before it would be fair to consider dismissal." Johnson then filed this appeal, challenging only the dismissal of his retaliation claim against

Stovall and not his other claims against Stovall or any of the other prison employees and officials named in the complaint. This court granted the named defendants an order of non-involvement on appeal, and later invited the non-involved parties to file a brief that would address "the standard governing dismissals pursuant to 42 U.S.C. sec. 1997e(c)(1)." The Illinois Attorney General submitted a brief that limits its discussion to the standard of review but does not address the merits of the dismissal.

This court has yet to address the standard of review of dismissals for frivolousness under sec. 1997e(c)(1). See Sanders v. Sheahan, 198 F.3d 626, 626 (7th Cir. 1999). We need not decide this question now, however, because under either a de novo or an abuse of discretion standard of review, the district court erred in dismissing Johnson's retaliation claim as frivolous. The Supreme Court in Neitzke v. Williams, 490 U.S. 319, 325 (1989), held that a "frivolous" complaint is one that "lacks an arguable basis either in law or in fact." In Denton v. Hernandez, 504 U.S. 25, 33 (1992), the Court further defined the standard for factual frivolousness, holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." The Denton Court explained that a "complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." Id. Moreover, under the abuse of discretion standard outlined in Denton, this court may examine "whether the plaintiff was proceeding pro se; whether the court inappropriately resolved genuine issues of disputed fact; whether the court applied erroneous legal conclusions; whether the court provided a statement of reasons explaining the dismissal; and whether the dismissal was with or without prejudice." Alston v. DeBruyn, 13 F.3d 1036, 1039 (7th Cir. 1994) (citing Denton, 504 U.S. at 34).

We believe that the district court contravened Denton by erroneously resolving genuine issues of fact against Johnson and dismissing his retaliation claim based on the supposed unlikeliness of the allegations. To state a cause of action for retaliation, "a complaint need only allege a chronology of events from which retaliation may be inferred." Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994) (citations and internal quotations omitted). Johnson's complaint alleged that Stovall filed false disciplinary charges against him after he filed a grievance against her and complained about her to other medical staff. From these pleaded facts, it is possible to infer that Stovall filed false

charges of injury against Johnson in retaliation for his grievance and complaints. Yet when the district court dismissed Johnson's claim against Stovall, it concluded that the disciplinary reports attached to the complaint showed that Johnson was a "major troublemaker capable of threats and (even worse) dangerous actions." The court also stated that Stovall's disciplinary charge against Johnson alleging that he struck and burned her hand with a cigarette was supported by a witness and by a polygraph test regarding the incident. Although the district court's assessment of the credibility of Johnson's claims may prove to be correct, the district court is resolving a genuine issue of fact, i.e., whether Johnson did or did not harm Stovall. Even under the abuse of discretion standard outlined in Denton, 504 U.S. at 34, however, the district court may not "inappropriately resolve[ ] genuine issues of disputed fact," and the court in this case has done so.

Furthermore, Johnson's claims of retaliation are not "clearly baseless" or "fanciful, fantastic, delusional, irrational, or wholly incredible." Hutchinson v. Spink, 126 F.3d 895, 899 (7th Cir. 1997) (citation and internal quotations omitted). The district court gave three reasons for not believing Johnson's allegations: (1) he was a "major troublemaker;" (2) another prison employee allegedly witnessed the alleged battery and assault against Stovall; and (3) the results of the polygraph examination. The evidence cited by the district court may decrease the likelihood that the disciplinary reports Stovall filed against Johnson are false, but the documents do not demonstrate that his retaliation claim is "wholly incredible." Id. As the Supreme Court remarked in Denton, "[s]ome improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be 'strange but true; for truth is always strange, stranger than fiction.'" 504 U.S. at 33 (quoting Lord Byron, "Don Juan," canto XIV, stanza 101) (T. Steffan, E. Steffan & W. Pratt eds. 1977). Johnson's claim of retaliation does seem unlikely. Nonetheless, because the retaliation claim does not meet the definition of factual frivolousness outlined in Denton, we reverse the case and remand it for further proceedings.

REVERSED AND REMANDED