NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 1, 2011[*]
Decided June 2, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-3580

| | |
|---|---|
| JERRY JELLIS,<br>　　*Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 10-091-GPM |
| DONALD A. HULICK, et al.<br>　　*Defendants-Appellees.* | G. Patrick Murphy,<br>*Judge.* |

**O R D E R**

In this action under 42 U.S.C. § 1983, Illinois inmate Jerry Jellis claims that a guard refused to arrange medical care for a spider bite and later, in collusion with a prison lieutenant, caused him to be fired from his job in retaliation for filing a grievance about the incident. Jellis also sued the prison warden and the director of the Department of Corrections, but neither of these defendants was personally involved in the events

---

[*]The defendants were not served with process in the district court and are not participating in this appeal. After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

underlying this lawsuit. The district court screened Jellis's complaint, *see* 28 U.S.C. § 1915A, and dismissed it for failure to state a claim. The court reasoned that Jellis's allegations, if true, would not establish more than a negligent delay in providing medical care for the spider bite. And, the court added, the complaint does not allege the elements of a First Amendment retaliation claim. We uphold the dismissal of the medical claim but conclude that Jellis's complaint states a retaliation claim.

At this stage we accept as true the factual allegations in the complaint and its attachments. *See* FED. R. CIV. P. 10(c); *Wynn v. Southward*, 251 F.3d 588, 591-92, 594 (7th Cir. 2001). Jellis was bitten by a spider. When the wound on his chest became swollen, he alerted Defendant Aubuchon, a guard, that he was allergic to spider bites and asked to go to the infirmary. The prison was on a lockdown at the time, and inmates could not leave their cells except to shower or receive emergency medical care. Aubuchon did not consider the condition an emergency and denied Jellis's request.

The swelling worsened, and the next morning Jellis saw a doctor. He was treated with antibiotics. About two weeks later, Defendant Veath, a lieutenant, examined the bite mark and expressed concern that a drug-resistant staph infection, not a spider bite, might be the cause of the swelling. Veath quarantined Jellis to his cell until he could speak with medical personnel and verify that the infection was not dangerous to other inmates. He lifted the quarantine order as soon as a medical technician confirmed that Jellis's infection presented no risk to others.

Jellis filed two grievances. The first complained that Aubuchon had delayed treatment for the spider bite and that Veath had overreacted by quarantining him. Veath knew that he was going to file this grievance, says Jellis, and while he was writing it, Veath came into his cell and warned that if he submitted the grievance he should pack his belongings "and get ready to leave." Jellis also overhead Aubuchon tell another guard that they needed to "get rid" of him "because he was writing this all up." Jellis placed his grievance in the prison mail, and two days later he was fired from a job he had held for 18 months. It was Aubuchon who delivered the news of his termination, and when Jellis asked why, Aubuchon replied that "grievance writers could not work." When Jellis then filed a second grievance claiming retaliation, Veath responded not by denying involvement, but by asserting that Jellis had become difficult to work with and was encouraging other inmates not to work as hard.

Jellis first challenges the dismissal of his claim that Aubuchon acted with deliberate indifference to his need for medical attention for the spider bite. We review de novo a

dismissal at screening for failure to state a claim. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).

The district court correctly dismissed this claim. To establish deliberate indifference, Jellis would need to prove that Aubuchon was subjectively aware of, and knowingly disregarded, an objectively serious injury that posed an excessive risk to his health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Lee v. Young*, 533 F.3d 505, 509-10 (7th Cir. 2008); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A medical condition is sufficiently serious if a doctor already has determined that prompt treatment is necessary or a layperson would obviously know that the prisoner needed to see a doctor. *Lee*, 533 F.3d at 509; *Greeno*, 414 F.3d at 653. Although Jellis contends that Aubuchon should have sent him to the doctor immediately, a layperson would not think that Jellis needed to see a doctor so quickly. Jellis showed Aubuchon a two-centimeter, day-old insect bite. The injury Jellis describes does not compare to those that this court has found would be obvious to a layperson. *See, e.g., Board v. Farnham*, 394 F.3d 469, 484-85 (7th Cir. 2005) (guards denied inhaler to asthmatic prisoner); *Egebergh v. Nicholson*, 272 F.3d 925, 928 (7th Cir. 2001) (defendant police officers refused insulin to diabetic prisoner); *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (layperson would recognize as sufficiently serious a "purulent draining infection" accompanied by extreme pain and high fever); *cf. Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) (prison officials' refusal to treat inmate's cold insufficient to show deliberate indifference). Jellis asserts that medical reports he attached to the complaint show that he has a serious allergy to spider bites, but those reports do not mention allergies and, moreover, discuss only minor injuries related to prior spider bites. Regardless, there is no allegation that Aubuchon knew about Jellis's medical history, and guards are not required to accept at face value every assertion made by inmates. *See Lindell v. Houser*, 442 F.3d 1033, 1035 (7th Cir. 2006); *Riccardo v. Rausch*, 375 F.3d 521, 527 (7th Cir. 2004).

Jellis is on surer footing with his retaliation claim against Aubuchon and Veath. Jailers cannot retaliate against prisoners who file nonfrivolous grievances. *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). And a prisoner can state a claim for retaliatory treatment by alleging a chronology of events from which retaliation can be inferred. *See Johnson v. Stovall*, 233 F.3d 486, 489 (7th Cir. 2000). Jellis alleges that Aubuchon expressed a desire to "get rid" of him because he was drafting a grievance about the spider bite, and that Veath promised reprisal if he filed that grievance. When Jellis submitted the grievance anyway, Aubuchon promptly told him that a job held for 18 months had been taken away because "grievance writers" are not allowed to work. And Veath, when questioned later by Jellis's grievance counselor, did not deny involvement in the decision to remove Jellis from his job. These allegations are more than sufficient to place

the defendants on notice that Jellis claims he engaged in specific protected activity, that he suffered retaliation as a result, and that the defendants retaliated in a manner likely to deter future First Amendment activity. *See Bridges v. Gilbert*, 557 F.3d 541, 546, 552 (7th Cir. 2009); *Hill v. Lappin*, 630 F.3d 468, 470-76 (6th Cir. 2010). The district court erred in dismissing this claim.

The dismissal of Jellis's retaliation claim is **VACATED**, and the case is **REMANDED** for further proceedings on that claim. In all other respects, the judgment is **AFFIRMED**.