Jeffrey **WARE**, Plaintiff,

v.

**J.W. FAIRMAN, et al.,** Defendants.

No. 94–C–2318.

United States District Court, N.D. Illinois, Eastern Division.

April 24, 1995.

Jeffrey L. Ware, Dixon, IL, pro se.

Terry L. McDonald, Nancy M. Black, Cook County State's Atty., Chicago, IL, for defendants J.W. Fairman, Director, James Carey (Superintendent).

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Plaintiff, Jeffrey L. Ware ("plaintiff") an inmate at Cook County Department of Corrections, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, against the Executive Director of the Cook County Department of Corrections, James W. Fairman; the Superintendent of Division VI, James Carey; and, the Director of Cermak Health Services, Lenard Berski. Plaintiff is proceeding *pro se* and seeks compensatory and punitive damages for the alleged violations of his constitutional rights. Defendants have moved to dismiss plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, defendants' Motion is granted.

### FACTS

The facts recited below are taken from plaintiff's pleadings, which the Court assumes to be true for purposes of this opinion. Plaintiff is and was at all times mentioned herein, in the custody of the Cook County Department of Corrections ("CCDOC"). Currently, he is still confined in the CCDOC. Plaintiff sues James W. Fairman, Executive Director of the Cook County Jail; James Carey, Superintendent of Division VI; and Lenard Berski ("Berski"), Director of Cermak Health Services. Plaintiff is proceeding against defendants in their individual and official capacities.

Plaintiff claims that the defendants violated his Constitutional rights under the Eighth Amendment. In support of his claim, plaintiff alleges that he was forced to live in overcrowded, cold and unsanitary living conditions while he was a pretrial detainee at the CCDOC. Plaintiff further alleges that he had to endure roaches, waterbugs, fruitflies and mice while housed at the CCDOC and was denied proper medical attention by CCDOC staff. Plaintiff argues that the totality of these conditions violated his Eighth Amendment right to be free from cruel and unusual punishment.

## DISCUSSION

When considering a motion to dismiss, the court views all facts alleged in the complaint, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir.1991). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). Since plaintiff appears *pro se*, his complaint, however unartfully pleaded, must be construed liberally and held to less stringent standards than those applied to complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). However, although a plaintiff's *pro se* complaint is to be liberally construed under *Haines*, the plaintiff is still required to meet some "minimum standard of particularity." *Tarkowski v. Bartlett Realty Co.*, 644 F.2d 1204, 1207 (7th Cir.1980). Finally, if a plaintiff does plead particular facts, and these facts show he has no claim, then he has plead himself out of court. *Thomas v. Farley*, 31 F.3d 557, 558 (7th Cir.1994).

With respect to the Eighth Amendment violations alleged in this case, the following standards apply. The Supreme Court recently held that to recover under 42 U.S.C. § 1983, an inmate must show the existence of "conditions posing a substantial risk of serious harm," and that the prison official's state of mind was one of "deliberate indifference." *Farmer v. Brennan*, —— U.S. ——, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). To demonstrate deliberate indifference, the inmate must show that the prison official knew of and disregarded an excessive risk to inmate health or safety. *Id.* at ——, 114 S.Ct. at 1979. Finally, the Court expressly held that the "Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id.*

When considering an Eighth Amendment challenge to conditions of confinement, the Court must examine the totality of the conditions. *Rhodes v. Chapman*, 452 U.S. 337, 363, 101 S.Ct. 2392, 2407, 69 L.Ed.2d 59 (1981). In order to state a claim under the Eighth Amendment, the inmate must show that, objectively, the conditions were serious enough to be considered cruel and unusual. *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). Second, if the plaintiff has satisfied the first element, he must show that the defendants acted with deliberate indifference. *Id.*, *Farmer v. Brennan*, —— U.S. at ——, 114 S.Ct. at 1979, 128 L.Ed.2d 811 (deliberate indifference requires that "the official knows of and disregards an excessive risk to inmate health or safety ...."). Conditions of confinement violate the Eighth Amendment when the conditions result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992); *Rhodes*, 452 U.S. at 347, 101 S.Ct. at 2399; *Jamison–Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir.1989). Furthermore, a plaintiff must allege more than a mere discomfort or inconvenience as a result of confinement. *Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir.1986). "Inmates cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988).

### A. Medical Attention

Plaintiff's main claim is that CCDOC's employees failed to provide him with proper medical attention. Plaintiff alleges that he was denied adequate medical attention because: (1) the CCDOC employees failed to provide him with an asthma inhaler for over a month; (2) he did not receive medication or a medical examination for the flu for two months; (3) he could not obtain acne and rash medication; and (4) he suffers from periodic migraine headaches. Plaintiff also alleges that he suffers from depression, is overstressed, and has been unable to obtain satisfactory psychiatric help at the CCDOC.

Every claim by an inmate that he has not received adequate medical attention does not constitute a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97,

105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). In order to file a proper claim, an inmate "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Salazar v. City of Chicago,* 940 F.2d 233, 239 (7th Cir.1991). "Deliberate indifference" to the serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 103, 97 S.Ct. at 290 (citing *Gregg v. Georgia,* 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). This standard extends to a prisoner's psychological needs as well as his physical needs. *Partee v. Lane,* 528 F.Supp. 1254, 1260 (N.D.Ill.1981). However, the test is "one of medical necessity" and not simply what may be desirable. *Id.* "A pretrial detainee must be provided with medial treatment if a reasonable officer would have considered the injury serious." *Murphy v. Walker,* 51 F.3d 714 (7th Cir. 1995) (*per curiam*) (citing *Davis v. Jones,* 936 F.2d 971, 972 (7th Cir.1991)). However, only intentional or reckless injury amounts to a violation of a pretrial detainee's rights. Negligence is not sufficient. *Brownell v. Figel,* 950 F.2d 1285, 1290 (7th Cir.1991). "Reckless conduct" includes "conduct that is so dangerous that the defendant's knowledge of risk can be inferred." *Id.*

 Plaintiff's allegations fail to raise a reasonable inference of deliberate indifference by the defendants to plaintiff's medical conditions. Although asthma is a serious illness which requires an inhaler, plaintiff does not allege that his inability to obtain an inhaler was the result of deliberate indifference by the defendants. Rather, plaintiff alleges that his asthmatic condition was part of his medical records and that he had a prescription for this inhaler. Without an allegation that plaintiff informed defendants of his need and requested an inhaler from defendants and was refused, or that he submitted a grievance report to defendants after they failed to respond to requests for an inhaler, as he does allege with respect to his claimed need for a blanket and medication

for his rash and acne, this Court cannot conclude that defendants were deliberately indifferent to plaintiff's serious medical needs. *Cf. Murphy v. Walker,* 51 F.3d 714 (7th Cir.1995) (claim that inmate injured his head and requested medical attention which he did not receive constituted sufficient allegation of deliberate indifference to serious medical needs).

 Although plaintiff alleges that he requested treatment and medications for his other medical conditions (i.e., the rash, acne and flu), these conditions are not serious. Under both the Due Process Clause and the Eighth Amendment, pretrial detainees state a claim for inadequate medical treatment if they allege "deliberate indifference to the[ir] *serious* medical needs." *Brownell v. Figel,* 950 F.2d 1285, 1289 (7th Cir.1991); *Salazar v. City of Chicago,* 940 F.2d 233, 239 (7th Cir.1991). The delay in receiving medication for the flu, and the alleged refusal to provide rash and acne medication, even if knowing, cannot be characterized as a "knowing disregard of an excessive risk to [plaintiff's] health and well-being." *Murphy,* 51 F.3d 714 (7th Cir.1995) (citing *Farmer v. Brennan,* —— U.S. ——, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994)). Moreover, despite these allegations, plaintiff was in fact treated on a number of occasions by the paramedics at the jail for his flu and by doctors at Cermak Hospital's psychiatric ward after his suicide attempts. Although the alleged delay in obtaining medical attention may have been due to negligence, mere negligence does not constitute an Eighth Amendment violation. *Brownell v. Figel,* 950 F.2d 1285, 1290 (7th Cir.1991). Because plaintiff has failed to "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs," plaintiff has failed to state a violation of his Eighth Amendment rights.

**B.** *Conditions in CCDOC*

Plaintiff also alleges that he was forced to live in overcrowded, cold and unsanitary living conditions.[1] According to plaintiff, the totality of these conditions deprive him of basic human needs and therefore violate his

---

1. Plaintiff also complains that his shoes and commissary are stolen by inmates. It is axiomatic

that an inmate does not have a constitutional remedy for being the victim of theft.

Eighth Amendment right to be free from cruel and unusual punishment. *Johnson v. Pelker,* 891 F.2d 136, 138 (7th Cir.1989). Each of plaintiff's allegations will be analyzed *seriatim.*

### 1. *Cold Conditions & Overcrowding*

■ Plaintiff claims that there is a window broken out in the jail which makes the temperatures extremely cold inside the cell blocks or "tiers." According to plaintiff, the tier he sleeps on is currently holding one hundred men, although it was designed to hold only 40 people. This overcrowding, according to plaintiff, forces men to sleep on cold floors. In particular, Plaintiff alleges that, "one week after his arrival," he had to sleep on the "floor" of his cell without a blanket when the temperature inside the cell was around 40–50 degrees. Plaintiff states, however, that he was given "two sheets" and "an old beat up mattress with a large hole in it," even though he apparently has not yet received a towel and did not receive a blanket until an inmate issued his old one to him one month after he arrived.

■ In *Del Raine v. Williford,* 32 F.3d 1024 (7th Cir.1994), the Seventh Circuit indicated that a *pro se* plaintiff must plead allegations which "create a possible inference that he was routinely placed in a cell with unreasonably low temperatures and without adequate clothing" to show that the Eighth Amendment deprivation asserted is one of "constitutional magnitude." *See also, Hudson,* 503 U.S. at 6, 112 S.Ct. at 999; *Wilson,* 501 U.S. at 296, 111 S.Ct. at 2323. Plaintiff has not pled allegations which create a possible inference that he was *routinely* placed in cells with unreasonable temperatures. Plaintiff merely alleges that he slept on a floor for one week and admits that he was given a mattress.[2] Further, nothing in the Constitution requires elevated beds for prisoners, *Powell v. Cook County Jail,* 814 F.Supp. 757, 759 (N.D.Ill.1993), and in one case the Seventh Circuit found that forcing an inmate to sleep on a cold "slab of metal" for two and one-half days did not rise to the level of a cognizable Eighth Amendment violation given the totality of the conditions of confine-ment. *Johnson v. Pelker,* 891 F.2d 136, 138 (7th Cir.1989). In *Johnson,* the Seventh Circuit reasoned that "Johnson's situation, while disquieting, was a temporary inconvenience and was not compounded by a deprivation of other [basic human] necessities, . . ." *Id.* at 138–139.

■ The conditions complained of by plaintiff, although perhaps uncomfortable, are at most temporary and therefore not serious enough to be considered cruel or unusual punishment. These conditions are not considered punishment because they do not result in a serious deprivation of basic human needs or the minimal civilized measure of life's necessities. *Bell v. Wolfish,* 441 U.S. 520, 536, 99 S.Ct. 1861, 1872, 60 L.Ed.2d 447 (1979). Moreover, the conditions plaintiff complains of do not pose a "substantial risk of serious harm." *Farmer v. Brennan,* —— U.S. ——, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). The "Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments'." *Id.* Sleeping conditions allegedly imposed as a result of overcrowding rather than "punishment" do not violate the Eighth Amendment under *Farmer.*

### 2. *Unsanitary Conditions*

■ Plaintiff also claims that he has "not had a change of uniform or sheets" since his arrival, and "the tier is infested with roaches, waterbugs, fruitflies and mice." Although these conditions may be unsanitary, plaintiff must allege a factual basis which supports the inference that prison officials maintain these conditions to punish the plaintiff. The failure of prison officials to keep vermin under control in a crowded jail does not violate the Constitution. *Powell v. Cook County Jail,* 814 F.Supp. 757, 759 (N.D.Ill. 1993) (plaintiff must allege a factual basis to support the inference that these conditions reflect deliberate and reckless conduct in the criminal law sense).

### C. *Individual Capacity*

■ Even if the allegations pled by the plaintiff could satisfy the "constitutional mag-

---

**2.** Plaintiff does not have standing to claim relief because "other men" in the jail slept on floors.

nitude" standard, plaintiff would still need to show that the defendants either directly participated in the alleged wrongdoing, *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983) (a government official may not be liable in his individual capacity unless he caused or participated in the alleged wrongdoing); *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir.1982) (same), or had knowledge of the plaintiff's conditions and were "deliberately indifferent" to the problems alleged. *Wilson v. Seiter*, 501 U.S. 294, 301–03, 111 S.Ct. 2321, 2326–2327, 115 L.Ed.2d 271 (1991). *See also Dziadkowiec v. Fairman*, 1993 WL 367097, *3, 1993 U.S.Dist. LEXIS 12961, *7 (N.D.Ill. Sept. 15, 1993). In addition, a plaintiff must establish some affirmative link between the acts or omissions of the government official and the plaintiff's alleged injury to render the official liable in his individual capacity. *Wolf–Lillie*, 699 F.2d at 869.

Plaintiff has failed to show that the defendants knew of plaintiff's alleged situation, let alone that any one of these defendants were deliberately indifferent to his Constitutional rights. At most, plaintiff merely claims that he filed a grievance concerning his living and medical conditions to the defendants and that he did not obtain a response. This allegation, by itself, is not a sufficient basis from which the court may infer that defendants knew of and disregarded an excessive risk to inmate health and safety. *See Del Raine*, 32 F.3d at 1051 (citing *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir.1992); *Wilson*, 501 U.S. at 299, 111 S.Ct. at 2325). Moreover, an officer's failure to alleviate a significant risk that he should have perceived, but actually did not, cannot be condemned as the infliction of punishment. *Farmer*, —— U.S. at ——, 114 S.Ct. at 1979. In addition, this allegation does not establish an affirmative link between the alleged injuries caused by the purported violations and the acts or omissions of the individual defendants.[3] Thus, plaintiff's allegations regarding the conditions in the CCDOC do not state an Eighth Amendment claim.

**D. Official Capacity**

Claims against government officers in their official capacity are actually claims against the government entity for which the officers work. *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Claims for money damages which are asserted against government officials in their official capacity are considered to be suits against the government entity that employs the officer. The State is not a "person" that can be sued under § 1983, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Municipalities and other local subdivisions of the state, however, are considered persons for purposes of suit under § 1983. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 689, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). In cases involving state rather than municipal or local officials, a local policy or custom must be proven to establish liability. *Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). In no case is *respondeat superior* a recognized theory under § 1983. *Monell*, 436 U.S. at 691, 98 S.Ct. at 2036. Therefore, in order for a plaintiff to succeed on an official capacity claim under § 1983, the plaintiff must allege that the action taken under color of state law caused the deprivation of a federal right and can be definitively linked to the governmental entity's policy or custom. *Graham*, 473 U.S. at 166, 105 S.Ct. at 3105; *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037. *See also Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir.1991). Where there is no formal written policy, a showing of a pattern of custom or unconstitutional conduct will suffice. *Powe v. City of Chicago*, 664 F.2d 639, 650 (7th Cir.1981). To establish a government policy or custom, the plaintiff must allege a specific pattern or series of incidents that support the general allegation of a custom or policy. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir.1986). One allegation of unconstitutional conduct

---

**3.** For instance, plaintiff does not allege that defendant Fairman, received his grievance, reviewed it, and deliberately chose to ignore the alleged problems. *See Partee v. Lane*, 528

F.Supp. 1254, 1259 (N.D.Ill.1981) (merely alleging that an official fails to respond to an inmate's letter does not state a claim under § 1983).

does not show that a policy, practice or custom exists. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 822–23, 105 S.Ct. 2427, 2435–36, 85 L.Ed.2d 791 (1985). Thus, acts by individual supervisory employees are not automatically indicia of policy or established practice. *Gray v. County of Dane*, 854 F.2d 179, 184 (7th Cir.1988).

 Plaintiff fails to point to any conduct by the defendants approving or condoning any policy or regulation that promoted inmates living in overcrowded, cold or unsanitary conditions. Furthermore, the plaintiff does not allege that any of the defendants were personally involved in creating or maintaining the overcrowded or unsanitary conditions of the CCDOC. Nor does the plaintiff allege a pattern of conduct by the supervisors preventing inmates from obtaining adequate medical attention, or creating unsanitary living conditions. Plaintiff merely alleges that the supervisors' failure to deal with the overcrowding problem constitutes a decision or a custom.[4] These vague and conclusory allegations do not state a claim under Fed.R.Civ.P. 12(b)(6).

## CONCLUSION

Weighing all of the facts in the pleadings together and not simply viewing each incident in isolation, plaintiff has not adequately stated a claim from a violation of his constitutional rights. Even under the liberal standards applicable to *pro se* claimants, plaintiff has failed to allege sufficient facts in support of his claim which would entitle him to relief. Therefore, defendants' Motion to Dismiss is GRANTED. The Clerk of the Court is directed to dismiss plaintiff's Complaint with prejudice. This case is terminated. Each party is to bear their own costs.

---

**4.** In *Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), the Court held that overcrowded situations were not *per se* unconstitutional. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminals pay for their offenses against society." *Id.* at 345–347, 101 S.Ct. at 2398–99. The Court held that overcrowding did not constitute cruel and unusual punishment, if all other living conditions were maintained adequately: food, noise not excessive, availability of space in day rooms, free of offensive odor, temperature in cellblocks was controlled, access to library and school rooms, and no increase in acts of violence.