**Charles GLASS, Plaintiff,**

v.

**J.W. FAIRMAN, Cermak Health Services, K. Vick, C.B. Elmer, R. Gliwa and M. Fuller, Defendants.**

**No. 95 C 4202.**

United States District Court, N.D. Illinois, Eastern Division.

Feb. 12, 1998.

---

Michael Ray Gibson, Mark H. Sterk, Cynthia Ann Freburg, Odelson & Sterk, Ltd., Evergreen Park, IL, for Plaintiff.

Patrick Malone Blanchard, State's Attorney of Cook County, Terry L. McDonald, Cook County State's Attorney, Chicago, IL, for Defendants.

## OPINION AND ORDER

NORGLE, District Judge.

Before the court is Defendants Cermak Health Services and J.W. Fairman's Motion to Dismiss Plaintiff's Second Amended Complaint. For the following reasons, Defendants' motion is granted.[1]

### I. BACKGROUND [2]

On July 27, 1993, Chicago Police Officers arrested Glass. The arresting officers failed to thoroughly search Glass, who was inebriated, for weapons and contraband before placing him into a holding cell. One of the officers handcuffed Glass' arm to a wall inside the holding cell where he remained awaiting processing into the jail complex. Glass informed the arresting officers that he was epileptic and that he believed that a seizure was oncoming. Glass momentarily blacked out. When he regained consciousness, he discovered that he was on fire and screamed for help. It is unclear from Glass' Second Amended Complaint what caused Glass to momentarily black-out, and what caused the fire.

After officers, other than the arresting officers, extinguished the fire, Glass was transported to the Loyola University Medical Center Burn Unit where he underwent surgery and received treatment for severe burns. Thereafter, the Cook County Sheriff took Glass into custody and transported him to the Cook County Department of Corrections ("CCDOC"). While at CCDOC, Glass received follow-up medical treatment for his burns at Cermak. Cermak is a county medical facility adjacent to CCDOC which provides medical care to CCDOC's inmates and staff.

In Count II, Glass purports to allege federal and state claims against Cermak and Fairman. Allegedly, Cermak and its personnel under Fairman's direction provided Glass with inadequate medical treatment. As a result, Glass allegedly required a second skin graft, and suffered physical and psychological discomfort.

### II. DISCUSSION

The court will deny a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) unless "it is impossible [for the plaintiff] to prevail 'under any set of facts that could be proved consistent with [his] allegations.'" See Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir.1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). In reviewing the plaintiff's complaint, the court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. See Gutierrez v. Peters, 111 F.3d 1364, 1368–69 (7th Cir.1997). With these standards and principles in mind, the court turns to the merits of Glass' Second Amended Complaint.

#### A. Section 1983 Claim

Generally, in order to state a cognizable § 1983 claim, Glass must allege that (1) a person acting under color of state law engaged in conduct that (2) deprived him of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; see also Starnes

---

1. Plaintiff Charles Glass ("Glass") filed a two-count Second Amended Complaint. In Count I, Glass sued Officers K. Vick, M. Fuller, R. Gliwa, and C. Elmer ("Officers"). In Count II, Glass sued Cermak Health Services ("Cermak") and J.W. Fairman ("Fairman"). On February 10, 1998, the court granted Officers' motion to dismiss Count I as time-barred.

2. For purposes of this motion to dismiss, the court accepts Glass' well-pleaded factual allegations in the complaint as true. See Gutierrez v. Peters, 111 F.3d 1364, 1368–69 (7th Cir.1997).

*v. Capital Cities Media, Inc.*, 39 F.3d 1394, 1396 (7th Cir.1994).

## 1. Cermak

Glass alleges that Cermak and its personnel provided inadequate medical treatment thereby violating the Fifth, Eighth, and Fourteenth Amendments to the Constitution. Cermak argues that it should be dismissed because it is not a suable "person" under § 1983. Cermak contends that it is a Cook County department under the jurisdiction of the Cook County Board of Commissioners, and therefore is not a suable entity.

■ Since Cermak is located in Illinois, the court must look to Illinois law to determine whether it is a suable entity. *See* Fed. R.Civ.P. 17(b). In order to be a suable entity under Illinois law, " 'defendant must have a legal existence, either natural or artificial.' " *Bailes v. Streator Police Dept.*, No 96 C 5610, 1997 WL 162907, at \*3 (N.D.Ill. March 27, 1997) (citation omitted); *see also Hedges v. County of Cook*, No. 96 C 6228, 1997 WL 269632, at \*1 (N.D.Ill. May 13, 1997). "Departments within a governing body lack the required separate legal existence to be held accountable." *Williams v. Fairman*, No. 94 C 206, 1996 WL 164289, at \*1 (N.D.Ill. April 2, 1996); *see also Thurman v. Cermak Health Serv.*, No. 94 C 404, 1994 WL 659276, at \*1 (N.D.Ill. Nov.18, 1994) ("A county hospital, which has no legal existence separate and apart from the county cannot be sued under § 1983."). Several District Courts have found that Cermak is a Cook County department with no legal existence separate from the county. *See Flores v. Cook County Dept. of Corrections*, No 96 C 4557, 1996 WL 473407, at \*2 (N.D.Ill. Aug.19, 1996); *Williams*, 1996 WL 164289, at \*2; *Nyberg v. Puisis*, No. 93 C 6602, 1995 WL 571588, at \*3 (N.D.Ill. Sept.22, 1995); *Thurman*, 1994 WL 659276, at \*1.

Glass does not dispute that Cermak is a county department with no legal existence. Nevertheless, relying on *Flores*, Glass asserts that the court should allow him to proceed against Cermak because he doesn't know the names of Cermak's personnel. Glass' reliance on *Flores* is misplaced. In *Flores*, the District Court also found that Cermak is a nonsuable entity. *See Flores*, 1996 WL 473407, at \*2. The District Court in *Flores* granted plaintiff leave to amend his complaint to name the specific individuals that denied him medical treatment or the supervisory officials. *Id.* As such, the *Flores* opinion supports the dismissal of Cermak from this case. Therefore, the court dismisses Cermak as it is a county department with no separate legal existence.

## 2. Fairman

Glass alleges that Cermak and its personnel provided inadequate medical treatment under Fairman's direction in violation of his constitutional rights. It is unclear from Glass' Second Amended Complaint whether he is suing Fairman in his individual or official capacity, or both. For purposes of this motion, the court will presume that Glass is suing Fairman in both capacities.

### a. Official Capacity

■ In order to state a cognizable § 1983 claim against Fairman in his official capacity, Glass must demonstrate a direct causal link between an unconstitutional governmental policy or custom and the alleged constitutional deprivation. *See Freeman v. Fairman*, 916 F.Supp. 786, 790 (1996) (*citing Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

As a preliminary matter, Fairman argues that he is the supervisory official responsible for the operation of CCDOC, and not Cermak or its personnel. This distinction might be important since Glass alleges that he was deprived adequate medical treatment at Cermak and by its personnel, not CCDOC or by its personnel. However, since Glass does not allege any governmental policy or custom at CCDOC or Cermak that led to his constitutional deprivation, it is not dispositive at this point.[3]

---

3. The court will directly address Fairman's supervisory role over the CCDOC and Cermak later in the opinion.

■ "Where there is no formal written policy, a showing of a pattern of custom or unconstitutional conduct will suffice. . . . To establish a government policy or custom, the plaintiff must allege a specific pattern or series of incidents that support the general allegation of a custom or policy." *Ware v. Fairman*, 884 F.Supp. 1201, 1208 (1995).

■ Glass' complaint is devoid of any allegations of an unconstitutional governmental policy or custom at CCDOC or at Cermak. Glass only complains of the medical treatment provided to him. This single instance of allegedly improper medical care is not enough to satisfy the governmental policy requirement. *See Freeman*, 916 F.Supp. at 791; *Ware*, 884 F.Supp. at 1208–09; *see also Vinegar v. Fairman*, No. 95 C 844, 1995 WL 769758, at *2 (N.D.Ill.Dec.29, 1995). Therefore, the court dismisses Fairman in his official capacity.

b. *Individual Capacity*

■ In order to state a § 1983 claim against Fairman in his individual capacity, Glass must demonstrate that Fairman " 'caused or participated in an alleged constitutional deprivation.' " *Luckett v. Sheahan*, No. 95 C 2700, 1997 WL 639227, at *1 (N.D.Ill. Oct.6, 1997) (citation omitted); *Vinegar*, 1995 WL 769758, at * 3. " 'An official satisfies the personal responsibility requirement of section 1983 if she acts with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent.' " *Walker v. Peters*, No. 93 C 5831, 1997 WL 695677, at *5 (N.D.Ill. Nov.3, 1997) (citation omitted).

■ Glass states no factual allegations against Fairman; he merely asserts that Cermak and its personnel acted under Fairman's direction. (Pl.'s Second Am. Compl. at ¶ 13; Pl.'s Resp. at 4.) Conclusory allegations against Fairman as a supervisory official are not enough to withstand Fairman's motion to dismiss. *See Vinegar*, 1995 WL 769758, at *2 ("Mere supervisory status, without more, will not create liability in a § 1983 claim."); *see also Walker*, 1997 WL 695677, at *5 (plaintiff must "show more than the simple fact that defendants exercised supervisory powers over persons who actively participated in the constitutional deprivation."). As such, the court concludes that Glass has failed to allege that Fairman, by his own conduct, caused or participated in the alleged constitutional deprivation.

■ Additionally, it appears that Fairman is not the supervisory official responsible for the operation of Cermak or its personnel. *See Nyberg*, 1995 WL 571588, at *3. Fairman is the Executive Director at CCDOC. (Pl.'s Second Am. Compl. at ¶ 13.) CCDOC is a department created within the Office of the Sheriff of Cook County. *See* 55 Ill. Compl. Stat. 5/3–15002. The Cook County Sheriff appoints the Executive Director. *See* 55 Ill. Compl. Stat. 5/3–15012. The Executive Director's powers and duties are limited to the "county jail, municipal houses of correction within the county and any other penal, corrections or prisoner diagnostic center facility operated by either the county jail or municipal house of correction." 55 Ill. Compl. Stat. 5/3–15003.

Cermak is a department of the Cook County department under the jurisdiction of the Cook County Board of Commissioners, not the county jail. *See Flores*, 1996 WL 473407, at *2; *Williams*, 1996 WL 164289, at *2; *Nyberg*, 1995 WL 571588, at *3; *Thurman*, 1994 WL 659276, at *1. Several cases indicate that Cermak has its own supervisory officials responsible for the quality of medical treatment provided at Cermak and by its personnel. *See McMillen v. Fairman*, No. 94 C 6732, 1997 WL 603853, at *1 (N.D.Ill. Sept.25, 1997); *Johnson v. Raba*, No. 93 C 2285, 1997 WL 610403, at *3 (N.D.Ill. Sept.24, 1997); *Vinegar*, 1995 WL 769758, at *1; *Smith v. Fairman*, No. 93 C 2234, 1995 WL 579284, at *2 (N.D.Ill. Sept.29, 1995); *Nyberg*, 1995 WL 571588, at *3. Therefore, the court is convinced that Glass cannot prove any facts to demonstrate that Fairman was personally responsible for the quality of medical treatment provided at Cermak or by its personnel. The court dismisses Fairman in his individual capacity.

### 3. *Constitutional Deprivation*

█ Even assuming that Glass has sued the proper parties, and could demonstrate an unconstitutional governmental policy or custom to state an official capacity claim and personal responsibility to state an individual capacity claim, Glass' § 1983 claim must fail. Here, Glass claims that Cermak and its personnel under Fairman's direction denied him his constitutional right to adequate medical treatment. "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez,* 111 F.3d at 1369; *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

It is difficult to articulate what medical conditions constitute a serious medical need. *See Gutierrez,* 111 F.3d at 1372. The Seventh Circuit has adopted several approaches. *Id.* Under these approaches (1) a condition that a physician has diagnosed as mandating medical treatment; (2) a condition that even a lay person can easily recognize as requiring medical treatment; or (3) a condition that could result in further significant injury or unnecessary pain if not treated qualify as a serious medical need. *Id.* at 1373 (citations omitted). Here, the parties do not dispute that Glass had a serious medical need, severe burns. Accordingly, the court turns to determine whether Glass can demonstrate "deliberate indifference" to his medical needs.

█ Deliberate indifference is a standard higher than negligence. *See Freeman,* 916 F.Supp. at 791. "Negligence, even gross negligence, does not amount to deliberate indifference." *Johnson v. Raba,* No. 93 C 2285, 1997 WL 610403, at *3 (N.D.Ill. Sept.24, 1997). In order to demonstrate deliberate indifference, plaintiff must allege facts from which a reasonable inference could be drawn that defendant "intended to harm plaintiff or knew of a risk of harm so significant that an intent to harm could be inferred." *McMillen,* 1997 WL 603853, at *2. "The dissatisfaction or disagreement with the method of treatment or inability to effect a final cure does not suggest that those who treat an inmate exhibited deliberate indiffer-

ence." *Id.; see also Estelle,* 429 U.S. at 107 (Allegations that "more should have been done by way of diagnosis and treatment" does not state a constitutional deprivation.).

After suffering severe burns, Glass was transported to Loyola University Medical Center Burn Unit where he underwent surgery and received treatment for severe burns. (Pl.'s Second Am. Compl. at ¶ 10.) Thereafter, Glass was taken into custody and transported to CCDOC. *Id.* at ¶ 13. At the direction of Fairman, Glass was transported from CCDOC to Cermak for follow-up medical treatment for his burns. *Id.* While at Cermak, Glass alleges that Cermak and its personnel under Fairman's direction failed to provide medication for his severe pain, and failed to clean or change his dressings. *Id.*

█ Based on these factual allegations, no reasonable inference can be drawn that Cermak and Fairman displayed deliberate indifference to Glass' severe burns. *See Soo Line Railroad Co. v. St. Louis Southwestern Ry. Co.,* 125 F.3d 481, 483 (7th Cir.1997) ("plaintiff can 'plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts.'"). The fact that Glass was treated "'generally defeats a claim of deliberate indifference.'" *Roberts v. Peters,* 129 F.3d 119 (Table), 1997 WL 657016, at *1 (7th Cir. Oct.16, 1997) (*quoting Wells v. Franzen,* 777 F.2d 1258, 1264 (7th Cir.1985)); *see also Holland v. Cooper,* No. 92 C 2743, 1995 WL 549947, at *7 (N.D.Ill. Sept.11, 1995). At most, Glass alleges negligent medical treatment. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106; *see also McMillen,* 1997 WL 603853, at *2 (deliberate indifference can only be inferred from improper medical treatment if the medical personnel's decision is a "substantial departure from accepted professional judgment, practice, or standards."). As such, Glass cannot prove any set of facts consistent with his allegations to demonstrate a constitutional deprivation. *See Albiero,* 122 F.3d at 419. Accordingly, even if the proper defendants were before the court, Glass could not withstand a motion to dismiss.

### B. State Claims

Glass also purports to invoke state common law in his claim against Cermak and Fairman. (Pl.'s Second Amended Compl. at ¶ 13.) Under Illinois law, "[n]o civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 Ill. Comp. Stat. 10/8–101. It is unclear from the record before the court when Glass' alleged injury accrued. As such, the court cannot determine whether Glass' state claims are time-barred. However, since the court dismisses Glass' federal claims, the court declines to exercise supplemental jurisdiction over Glass' state claims. *See* 28 U.S.C. § 1367(c); *see also City of Chicago v. Intern. College of Surgeons,* — U.S. —, —, 118 S.Ct. 523, 533, 139 L.Ed.2d 525 (1997) (stating that pendent jurisdiction is a matter of discretion); *Van Harken v. City of Chicago,* 103 F.3d 1346, 1354 (7th Cir.1997) (noting presumption against retention of supplemental state law claims).

### III. CONCLUSION

For the foregoing reasons, the court grants Defendants' motion to dismiss with prejudice. The case is terminated.

IT IS SO ORDERED.