**Ralph T. POWELL, Plaintiff,**

v.

**COOK COUNTY JAIL, Defendant.**

**No. 93 C 1029.**

United States District Court,
N.D. Illinois, E.D.

March 2, 1993.

---

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Cook County Jail ("Jail") inmate Ralph Powell ("Powell"), seeks leave to file a self-prepared Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") without payment of the filing fee. For the reasons stated in this memorandum opinion and order, Powell's motion to proceed in forma pauperis is denied without prejudice.

■ Every prospective in forma pauperis litigant must overcome two threshold obstacles to obtain that status:

1. he or she must make the required showing of financial indigency.

2. his or her complaint must disclose the existence of at least one non-"frivolous" claim in the legal sense described by *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) and most recently reconfirmed in *Denton v. Hernandez*, —— U.S. ——, —— ———, 112 S.Ct. 1728, 1733–34, 118 L.Ed.2d 340 (1992).

It is uncertain whether Powell qualifies for the first of those requirements, for his simultaneously-filed financial statement did not include a properly completed certificate of his trust fund account at the Jail. But in any event his claims do not survive the second step—the substantive one.

■ Powell's overriding problem is that he has not identified a proper suable defendant to his charges. Section 1983 imposes liability on any "person" who violates some-one's constitutional rights "under color of law." Cook County Jail is not a "person"—it is not a legal entity to begin with. And even if the proper legal entity were named instead, the case law under Section 1983 imposes added difficulties on actions against governmental agencies themselves, rather ·than against the individuals guilty of the constitutional violations.

That alone requires denial of Powell's effort to obtain permission to proceed in forma pauperis on his present complaint. But because that defect alone could be cured by identification of a proper defendant, this opinion goes on to speak of other problems that Powell would face if he were to try again with the same allegations that he has now advanced.

Here is Powell's statement of claim in its entirety (copied verbatim):

Since I have been in here I've been sleeping on the floor. I have had numerous of colds, fever, stripped throat, and even the crabs. I have also came across roaches that were on my body and have suffered other insect bites. And didn't receive any medical attention. I have had colds in July, August, November of 1992 I have had fevers in October, a December of 1992. A stripped throat in September of 1992. I have had the crabs in September of 1992, and in January of 1993, which I had to cut the hairs off my whole body to get rid of. I have often back pains and have not seen anyone for medical attention, or nothing of a kind. At present I have a server cold, and a stripped throat which I have not receive any medical attention for. The only thing I have receive was aspirin which I'm allergic to. Nothing else for those other sickness.

Two areas of ambiguity in that statement would inhibit any informed decision as to whether Powell's claims—even assuming a proper defendant—would rise above the "frivolousness" level as defined in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) and most recently reconfirmed in *Denton v. Hernandez*, —— U.S. ——, —— ———, 112 S.Ct. 1728, 1733–34, 118 L.Ed.2d 340 (1992).

This Court has dismissed several cases coming from inmates at the Jail who claimed that they were sleeping on mats on the floor, making assertions just like Powell's as to the presence of roaches (see, e.g., the single opinion written December 2, 1992 for three such cases, *Bowden v. Fairman*, No. 92 C 7613, *Bowden v. Sheehan*, No. 92 C 7614 and *Bowden v. Russell*, No. 92 C 7615, 1992 WL 366905). As this Court said in part in the *Bowden* opinion:

[N]othing in the Constitution "requires elevated beds for prisoners" (*Mann v. Smith*, 796 F.2d 79, 85 (5th Cir.1986); *Montgomery v. O'Grady*, No. 89 C 8286, [1991 WL 10891, at *3–4] 1991 U.S.Dist. LEXIS 735, at *8–*9 (N.D.Ill. Jan. 18, 1991)).

Keeping vermin under control in jails, prisons and other large institutions is a monumental task. Again the failure to do so, without any suggestion that it reflects deliberate and reckless conduct in the criminal law sense, is not a constitutional violation (see *Harris v. Fleming*, 839 F.2d 1232 (7th Cir.1988); *Lynch v. Sheahan*, No. 92 C 1087, [1992 WL 245599] 1992 U.S.Dist. LEXIS 13858 (N.D.Ill. Sept. 11, 1992) (no constitutional violation found when detainee has been housed in an infested cell without a standing bed as the result of crowded conditions at the County Jail, not as a punitive measure directed against detainee)).

*Bowden* also held that Section 1983 defendants could not be held liable in damages without some showing of an injury to plaintiff, citing *Niehus v. Liberio*, 973 F.2d 526, 531–32 (7th Cir.1992).

Experience teaches that the inmates' grapevine (present in every prison or jail) often instructs potential litigators on how to construct their complaints in order to get through the courthouse doors. It is not clear whether this latest Complaint really means that Powell was literally sleeping on the floor at the Jail or instead (as seems far more likely) that he was subjected to the same sleeping conditions that were described in *Bowden*. Accordingly Powell is directed, if he tries again with a new complaint against a proper defendant, to state truthfully whether he was literally sleeping on a floor without a mattress, blanket, or any other means of cushioning his body, or if "sleep[ing] on the floor" simply means that he was not on an elevated bed.

As to all of Powell's remaining complaints, they share a common thread: the asserted failure to have given medical attention to his various ailments. What is unclear is whether the asserted neglect reflects a level of what might be considered medical malpractice (in which event no Section 1983 action would lie) or whether what was involved instead was the type of deliberate indifference (or worse) that meets the standard of unconstitutionality. If Powell files again by naming some individual or individuals, he must be more precise as to just what efforts he made to seek and obtain medical attention and just what the defendants' responses (or nonresponses) were.

But those things are really by way of an explanation as to added problems that Powell would have to confront if he were to overcome the threshold problem identified at the beginning of this opinion. For the present, it is enough to say that the absence of a suable defendant deprives Powell of any arguable legal basis for the Complaint, so that this Court must deny Powell's motion for leave to file in forma pauperis (see *Neitzke* ). In accordance with the teaching in *Denton*, —— U.S. at ——, 112 S.Ct. at 1734, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(d). In addition Powell is informed:

1. If he wishes to appeal this order of dismissal, within 30 days after the entry of judgment he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit (see Fed.R.App.P. 4(a)). That Notice of Appeal must be filed with the Clerk of the Court of the United States District Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604.

2. Although this Court of course expresses no substantive views on this subject, Powell should also be aware that if the Court of Appeals were to determine that such an appeal were "frivolous" in the legal sense, that could result in the imposi-

tion of sanctions by that Court (see Fed. R.App.P. 38).