**Walter SUMMERS, Plaintiff,**

v.

**Michael SHEAHAN, et al., Defendants.**

**No. 94–C–1616.**

United States District Court,
N.D. Illinois,
Eastern District.

April 25, 1995.

---

Walter Summers, Jacksonville, IL, pro se.

Terry L. McDonald, Pamela Hughes, Cook County State's Atty., Chicago, IL, for Michael F. Sheahan and J.W. Fairman.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Plaintiff Walter Summers ("Plaintiff") an inmate at Cook County Department of Corrections, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, against the Executive Director of the Cook County Department of Corrections, James W. Fairman; the Cook County Sheriff, Michael Sheahan; and

the Superintendent of Division V, Ernesto Velasco. Plaintiff is proceeding *pro se* and seeks compensatory and punitive damages for the alleged violations of his constitutional rights. Defendants have moved to dismiss plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, defendants' Motion is granted.

### FACTS

The facts recited below are taken from plaintiff's pleadings, which the court assumes to be true for purposes of this opinion. Plaintiff is and was at all times mentioned herein in the custody of the Cook County Department of Corrections ("CCDOC"). Currently, he is still confined in the CCDOC. Plaintiff sues Michael Sheahan, Cook County Sheriff; James W. Fairman, Executive Director of the Cook County Jail; and Ernesto Velasco, the Superintendent of Division V. Plaintiff is proceeding against defendants in their individual and official capacities.

Plaintiff claims that the defendants violated his constitutional rights under the Eighth Amendment. In support of his claim, plaintiff alleges that he was forced to live in overcrowded, dirty and unsanitary living conditions, while he was a pretrial detainee at the CCDOC. Plaintiff further alleges he had to endure insects, roaches and rodents in his cells and also in his food. Plaintiff also alleges that the CCDOC staff denied him proper medical attention. Plaintiff argues that the totality of these conditions violated his Eighth Amendment right to be free from cruel and unusual punishment.

### DISCUSSION

When considering a motion to dismiss, the court views all facts alleged in the complaint, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir.1991). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Since plaintiff appears *pro se*, his complaint, however unart-

fully pleaded, must be construed liberally and held to less stringent standards than those applied to complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). However, although a plaintiff's *pro se* complaint is to be liberally construed under *Haines*, the plaintiff is still required to meet some "minimum standard of particularity." *Tarkowski v. Bartlett Realty Co.*, 644 F.2d 1204, 1207 (7th Cir.1980). Finally, if a plaintiff does plead particular facts, and these facts show he has no claim, then he has pleaded himself out of court. *Thomas v. Farley*, 31 F.3d 557, 558 (7th Cir.1994).

The Supreme Court recently held that to recover under 42 U.S.C. § 1983, the inmate must show the existence of "conditions posing a substantial risk of serious harm," and that the prison official's state of mind was one of "deliberate indifference." *Farmer v. Brennan*, — U.S. —, —, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). To demonstrate deliberate indifference, the inmate must show that the prison official knew of and disregarded an excessive risk to inmate health or safety. *Id.* at —, 114 S.Ct. at 1979. Finally, the Court expressly held that the "Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.' " *Id.*

When considering an Eighth Amendment challenge to conditions of confinement, the court must examine the totality of the conditions. *Rhodes v. Chapman*, 452 U.S. 337, 363, 101 S.Ct. 2392, 2407–2408, 69 L.Ed.2d 59 (1981). In order to state a claim under the Eighth Amendment, an inmate must show that the conditions were objectively serious enough to be considered cruel and unusual. *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324–2325, 115 L.Ed.2d 271 (1991). Second, if the plaintiff has satisfied the first element, he must show that the defendants acted with deliberate indifference. *Id.* See also *Farmer v. Brennan*, — U.S. —, —, —, 114 S.Ct. at 1979, 128 L.Ed.2d 811 (1994) (deliberate indifference requires that "the official knows of and disregards an excessive risk to inmate health or safety ..."). Conditions of confinement vio-

late the Eighth Amendment when the conditions result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 8–10, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992); *Rhodes*, 452 U.S. at 347, 101 S.Ct. at 2399–2400; *Jamison–Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir.1989). Further, the plaintiff must allege more than a mere discomfort or inconvenience as a result of confinement. *Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir.1986).

### A. Medical Attention

■ Plaintiff claims that CCDOC's employees failed to provide him with proper medical attention in violation of his Eighth Amendment right to be free from "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). In particular, plaintiff alleges that he was denied adequate medical attention because the CCDOC employees failed to regularly provide him with medication for his heart conditions. In one instance, the delay in receiving medication lasted for a period of twenty days. Plaintiff alleges that this inconsistent provision of medication resulted in a high fever, severe lower back pains, and bronchitis. Plaintiff further alleges that his Eighth Amendment rights were violated when CCDOC staff refused to allow plaintiff to remain overnight at Cook County hospital for treatment of his fever and bronchitis, even though a Cook County physician recommended this action.

■ Every claim by an inmate that he has not received adequate medical attention does not constitute a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105, 97 S.Ct. at 291–292. In order to file a proper claim, an inmate "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Salazar v. City of Chicago*, 940 F.2d 233, 239 (7th Cir.1991). "Deliberate indifference" to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 103, 97 S.Ct. at 290 (citing *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2924–2925, 49 L.Ed.2d 859 (1976)). "A pretrial detainee must be provided with medical treatment if a reasonable officer would have considered the injury serious." *Murphy v. Walker*, 51 F.3d 714 (7th Cir.1995) (citing *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir.1991)). However, only intentional or reckless injury amounts to a violation of a pretrial detainee's rights. Negligence is not sufficient. *Brownell v. Figel*, 950 F.2d 1285, 1290 (7th Cir.1991). "Reckless conduct" includes "conduct that is so dangerous that the defendant's knowledge of risk can be inferred." *Id.* Moreover, to state a claim for the denial of essential medical care, the plaintiff must allege that the purported denial resulted in some actual harm. *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir.1980); *Burns v. Head Jailor*, 576 F.Supp. 618, 620 (N.D.Ill.1984).

Although plaintiff alleges that he contracted bronchitis because he did not receive his heart medicine, this claim of harm is not sufficient to state an Eighth Amendment claim by itself; plaintiff must also allege that the defendants knew that plaintiff had not received his medication. In the Complaint, plaintiff does not allege that the defendants were aware of his condition or that the defendants intentionally withheld his medication. Consequently, the defendants could not have been deliberately indifferent to plaintiff's medical needs if they were not notified of plaintiff's condition. Without these allegations, plaintiff has at most alleged negligence, which is insufficient to support a Section 1983 action for violation of an inmate's Eighth Amendment rights. *Brownell v. Figel*, 950 F.2d 1285, 1290 (7th Cir.1991); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 428 (7th Cir.1991). Moreover, the CCDOC's failure to authorize plaintiff's overnight stay at Cook County Hospital does not amount to a constitutional violation, because plaintiff was placed at the CCDOC facility, Cermak Hospital, where he was observed overnight, as recommended by the Cook County physician. These factual allegations indicate that plaintiff was given adequate

food and medical treatment.[1] Because plaintiff has failed to "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs," *Estelle*, 429 U.S. at 105, 97 S.Ct. at 106; plaintiff has failed to state a violation of his Eighth Amendment rights based upon inadequate medical attention.

### B. *Conditions in CCDOC*

■ Plaintiff alleges that he was forced to live in overcrowded, dirty and unsanitary living conditions. Summers also alleges that he had to endure insects, roaches and rodents in his cells and also in his food. According to plaintiff, the totality of these conditions deprive him of basic human needs and therefore violate his Eighth Amendment right to be free from cruel and unusual punishment.[2] *Johnson v. Pelker*, 891 F.2d 136, 138 (7th Cir.1989).

The Plaintiff alleges the following factual bases for this claim: severe overcrowding of the CCDOC which forced him to sleep on the floor from December 28, 1993 to March 3rd, 1994, without a blanket; inadequate heating which causes him to constantly catch colds and develop congestion; unsanitary living conditions due to a germ and bacteria filled environment; and, hazardous handling of food. The plaintiff also alleges that all of these conditions violate his Eighth Amendment right to be free from cruel and unusual punishment.

#### 1. *Cold Temperatures & Sleeping Conditions*

■ The plaintiff alleges that each CCDOC cell was designed to hold two inmates. However, due to the severe overcrowding, each cell is currently holding three men with one man sleeping on the floor. Plaintiff further alleges that the day room is also overcrowded with men.

In *Del Raine v. Williford*, 32 F.3d 1024 (7th Cir.1994), the Seventh Circuit indicated that a *pro se* plaintiff must plead allegations which "create a possible inference that he was routinely placed in a cell with unreasonably low temperatures and without adequate clothing" to show that the Eighth Amendment deprivation asserted is one of "constitutional magnitude." *See also, Hudson*, 503 U.S. at 6–8, 112 S.Ct. at 999; *Wilson*, 501 U.S. at 296–298, 111 S.Ct. at 2323.

■ Plaintiff has not pled allegations which create a possible inference that he was routinely placed in cells with unreasonable temperatures. Although plaintiff's allegation that he slept on cold floors for approximately two months gives the Court pause, without allegations that plaintiff was placed in a cold cell for the purpose of punishment, rather than as the inevitable consequence of overcrowding, the two month period alleged must be viewed, under Seventh Circuit precedent, as merely a temporary inconvenience. *Johnson v. Pelker*, 891 F.2d 136, 138 (7th Cir. 1989). Moreover, plaintiff was eventually given a mattress to sleep on, and nothing in the Constitution requires elevated beds for prisoners. *Powell v. Cook County Jail*, 814 F.Supp. 757, 759 (N.D.Ill.1993).

The conditions complained of by Summers are not serious enough to be considered cruel or unusual punishment, because these conditions do not result in a serious deprivation of basic human needs. Instead, these conditions are the sad result of Cook County's failure to provide better services to its prison population. *See generally Powell v. Cook County Jail*, 814 F.Supp. 757, 759 (N.D.Ill. 1993). Nonetheless, the conditions, although extremely regrettable, do not deprive plaintiff of the minimal civilized measure of life's necessities. *Bell v. Wolfish*, 441 U.S. 520, 536, 99 S.Ct. 1861, 1872–1873, 60 L.Ed.2d 447

---

1. X-rays were also taken of plaintiff's lower back, due to complaints of pain, and a paramedic performed a tuberculosis test on plaintiff. These actions do not exhibit deliberate indifference to plaintiff's medical condition.

2. While the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, applies to constitutional claims brought by pretrial detainees, the standard to be applied in both situations is essentially the same. In § 1983 punishment claims, a detainee, like a prisoner, must establish (1) that the alleged deprivation amounts to a constitutional denial, and (2) that the official intentionally inflicted harm, or that he had actual knowledge of impending harm and consciously refused to take reasonable steps to prevent it. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

(1979). This claim must therefore be dismissed.

## 2. *Spoiled Food*

Plaintiff alleges that "the food carts are filthy with spillage" and this spillage allows bacteria to grow and build up onto the food. Plaintiff also alleges that he has "discovered hair, wood, insects and other foreign objects" in his food, which is also "rarely hot and poorly prepared." Plaintiff further complains that his low cholesterol diet dinners are especially bad.

Most of the conditions plaintiff complains of do not pose a "substantial risk of serious harm." *Farmer v. Brennan,* —— U.S. ——, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). "A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required." *Lunsford v. Bennett,* 17 F.3d 1574, 1580 (7th Cir.1994) (citing *Smith v. Sullivan,* 553 F.2d 373, 380 (5th Cir.1977)). Moreover, the Eighth Amendment is not violated so long as the food is prepared and served under conditions which do not present n immediate danger to the health or well-being of the inmates who consume it. *French v. Owens,* 777 F.2d 1250, 1255 (7th Cir.1985), *cert. denied,* 479 U.S. 817, 107 S.Ct. 77, 93 L.Ed.2d 32 (1986). In fact, one circuit court has held that food which contains foreign objects, while unpleasant, does not amount to a constitutional deprivation. *Hamm v. DeKalb County,* 774 F.2d 1567, 1575 (11th Cir.1985), *cert. denied,* 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986).

██ Despite these stringent standards, this Court finds that the provision of vermin infested food certainly rises to the level of a constitutional infraction. The issue, therefore, turns on whether the defendants subjectively knew of these conditions. Plaintiff does not allege that he filed a grievance or that he personally informed the defendants of these conditions. Nonetheless, plaintiff does indicate that the defendants are "responsible" for the policy regarding all the conditions alleged in the Complaint. The question is whether this allegation is sufficient to infer deliberate indifference on the part of defendants with respect to the allegedly vermin infested food.

Although it is clear that the conditions alleged by plaintiff pose "a substantial risk of serious harm" to plaintiff, the legal standards set out in *Farmer* require factual allegations raising an inference that the defendants were deliberately indifferent to the fact that food was routinely prepared which contained vermin. In other words, to state a claim under the Eighth Amendment, plaintiff would need to allege that food was routinely served which contained vermin and that plaintiff complained about this situation to the defendants, who did nothing about it. Without this allegation, plaintiff's claim has nothing to distinguish it from incidents of negligence which can occur even at certain restaurants in downtown Chicago. Although one would expect higher standards at such a restaurant, "inmates cannot expect the conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (1988). Furthermore, the Supreme Court has recognized that "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the consideration underlying our penal system." *Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). Having failed to satisfy the test for establishing deliberate indifference, plaintiff's claim must be dismissed.

## 3. *Unsanitary Conditions*

██ Plaintiff alleges that he is forced to stay in an unsanitary, germ and bacteria filled environment and does not "get the necessary cleaning supplies to properly clean the place up." Plaintiff also claims that the showers are filthy and clogged up. Although these conditions are not optimal, only a "minimal level of cleanliness and sanitation for the health and safety of the prisoners is required." *Lunsford v. Bennett,* 17 F.3d 1574, 1580 (7th Cir.1994); *Lightfoot v. Walker,* 486 F.Supp. 504 (S.D.Ill.1980). Moreover, plaintiff has not alleged that the defendants created or maintained these conditions for the purpose of punishment. *Farmer v. Brennan,* —— U.S. ——, ——, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (the "Eighth Amendment

does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'"). Without such allegations, the Court must conclude that the conditions plaintiff complains of are the inevitable effects of overcrowding. *See Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981).

 Even if these conditions, in combination,[3] rise to the level of a serious deprivation of basic human needs which would likely result in physical harm, if the conditions of confinement result from overcrowding and do not represent deliberate or reckless conduct on behalf of the defendant, the conditions do not violate the Constitution.

#### 4. *Individual Capacity*

Even if the allegations pled by the plaintiff are sufficient to satisfy the "constitutional magnitude" standard, plaintiff would still need to show that the defendants either directly participated in the alleged wrongdoing, *Wolfe–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983) (a government official may not be liable in his individual capacity unless he caused or participated in the alleged wrongdoing); *McBride v. Soos,* 679 F.2d 1223, 1227 (7th Cir.1982) (same), or had knowledge of the plaintiff's conditions and were "deliberately indifferent" to the problems alleged. *Wilson v. Seiter,* 501 U.S. 294, 301–305, 111 S.Ct. 2321, 2326–2327, 115 L.Ed.2d 271 (1991). *See also Dziadkowiec v. Fairman,* 1993 WL 367097, \*3, 1993 U.S.Dist. LEXIS 12961, \*7 (N.D.Ill. Sept. 15, 1993).

 In addition, a plaintiff must establish some affirmative link between the acts or omissions of the government official and the plaintiff's alleged injury to render the official liable in his individual capacity. *Wolf–Lillie,* 699 F.2d at 869. Plaintiff has failed to show that the defendants knew of plaintiff's alleged situation, let alone that any one of these defendants were deliberately

indifferent to his constitutional rights. At most, plaintiff merely claims that he filed a grievance requesting to speak to the paramedic concerning his medication and diet and that he did not obtain a response. This allegation, by itself, is not a sufficient basis from which the Court may infer that defendants knew of and disregarded an excessive risk to inmate health and safety. *See Del Raine,* 32 F.3d at 1051 (citing *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir.1992); *Wilson,* 501 U.S. at 299–301, 111 S.Ct. at 2325). Moreover, an officer's failure to alleviate a significant risk that he should have perceived, but actually did not, cannot be condemned as the infliction of punishment. *Farmer,* —— U.S. at ——, 114 S.Ct. at 1979. In addition, this allegation does not establish an affirmative link between the alleged injuries caused by the purported violations and the acts or omissions of the individual defendants.[4] Thus, plaintiff's allegations regarding the conditions in the CCDOC do not state an Eighth Amendment claim.

#### 5. *Official Capacity*

 Claims against government officers in their official capacity are actually claims against the government entity for which the officers work. *Kentucky v. Graham,* 473 U.S. 159, 167, 105 S.Ct. 3099, 3105–3106, 87 L.Ed.2d 114 (1985). Claims for money damages which are asserted against government officials in their official capacity are considered to be suits against the government entity that employs the officer. The State is not a "person" that can be sued under § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Municipalities and other local subdivisions of the State, however, are considered persons for purposes of suit under § 1983. *Monell v. Department of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In cases involving State rather than municipal or local officials, a local

---

**3.** The Supreme Court recently stated that "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single identifiable human need such as food, warmth or exercise...."

*Wilson v. Seiter,* 501 U.S. at 304, 111 S.Ct. at 2327.

**4.** For instance, plaintiff does not allege that defendant Fairman, received his grievance, reviewed it, and deliberately chose to ignore the alleged problems.

policy or custom must be proven to establish liability. *Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). In no case is *respondeat superior* a recognized theory under § 1983. *Monell,* 436 U.S. at 691, 98 S.Ct. at 2036. Therefore, in order for a plaintiff to succeed on an official capacity claim under § 1983, the plaintiff must allege that the action alleged to be under color of state law, caused the deprivation of a federal right and can be definitively linked to the governmental entity's policy or custom. *Graham,* 473 U.S. at 166, 105 S.Ct. at 3105; *Monell,* 436 U.S. at 694, 98 S.Ct. at 2037–2038. *See also Hill v. Shelander,* 924 F.2d 1370, 1372 (7th Cir.1991). Where there is no formal written policy, a showing of a pattern of custom of unconstitutional conduct will suffice. *Powe v. City of Chicago,* 664 F.2d 639, 650 (7th Cir.1981). To establish a government policy or custom, the plaintiff must allege a specific pattern or series of incidents that support the general allegation of a custom or policy. *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1237 (7th Cir.1986). One allegation of unconstitutional conduct does not show that a policy, practice or custom exists. *City of Oklahoma v. Tuttle,* 471 U.S. 808, 822–823, 105 S.Ct. 2427, 2435–2436, 85 L.Ed.2d 791 (1985). Thus, acts by individual supervisory employees are not automatically indicia of policy or established practice. *Gray v. County of Dane,* 854 F.2d 179, 184 (7th Cir.1988).

Plaintiff fails to point to any conduct by the defendants approving or condoning any policy or regulation that promoted inmates living in overcrowded, or unsanitary conditions. Furthermore, the plaintiff does not allege that any of the defendants were personally involved in the overcrowded or unsanitary conditions of the CCDOC. Nor does the plaintiff allege a pattern of conduct by the supervisors not to receive adequate medical attention, or to live in unsanitary conditions. Plaintiff merely alleges that the supervisors' failure to deal with the overcrowding problem constitutes a decision or a custom.[5] These vague and conclusory allegations do not state a claim under Fed.R.Civ.P. 12(b)(6).

### CONCLUSION

Weighing all of the facts in the pleadings together and not simply viewing each incident in isolation, plaintiff has not adequately stated a claim from a violation of his constitutional rights. Even under the liberal standards applicable to *pro se* claimants, plaintiff has failed to allege sufficient facts in support of his claim which would entitle him to relief. Therefore, defendants' Motion to Dismiss is granted. The Clerk of the Court is directed to dismiss plaintiff's Complaint with prejudice. This case is terminated. Each party is to bear their own costs.

---

5. In *Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), the Court held that overcrowded situations were not *per se* unconstitutional. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminals pay for their offenses against society." *Id.* at 345–347, 101 S.Ct. at 2398–2400. The Court held that overcrowding did not constitute cruel and unusual punishment, if all other living conditions were maintained adequately: food, noise not excessive, availability of space in day rooms, free of offensive odor, temperature in cellblocks was controlled, access to library and school rooms, and no increase in acts of violence.