105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph W. FINFROCK, Plaintiff-Appellant,
v.
D. Bruce JORDAN, Superintendent, et al., Defendants-Appellees.
 No. 95-3395.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 6, 1996.*
Decided Dec. 6, 1996.
 
 Appeal from the United States District Court, for the Southern District of Indiana, Indianapolis Division, No. 95 C 232; Larry J. McKinney, Judge.
 S.D.Ind.
 REVERSED IN PART, REMANDED; AFFIRMED.
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Joseph Finfrock, an Indiana state prisoner, filed a complaint alleging violations of his constitutional rights by D. Bruce Jordan, superintendent of the Indiana State Farm,[1] and by Dr. Reyes, a prison dentist. The defendants moved to dismiss the complaint. Finfrock responded to the motion to dismiss, and then moved to file a supplemental complaint, which included several new defendants and claims. The district court granted the motion to dismiss the original complaint and denied leave to file the supplemental complaint. In addition, the court allowed Finfrock the opportunity to submit an amended complaint, directing Finfrock to try to cure the deficiencies in his original and supplemental complaints. Finfrock filed his amended complaint. The district judge found that the amended complaint did not state valid claims, and so he denied leave to add additional defendants and dismissed the action. Finfrock appeals.[2]
 
 
 2
 At the outset, we emphasize that the "amended complaint"[3] is partly a true amended complaint--that is, a complaint amending the original complaint--and partly a supplemental complaint, adding new defendants and claims. The district court dismissed the amended allegations for failure to state claims, and denied leave to file the supplemental allegations because they too failed to state claims. We consider these two actions separately.
 
 
 3
 We ordinarily review the dismissal of an amended complaint de novo. McDonald v. Schencker, 18 F.3d 491, 494 (7th Cir.1994) (citations omitted). This may not be the proper standard of review in this case, where the district court dismissed the action sua sponte, and did not give Finfrock notice and an opportunity to respond. Although the need for such notice and opportunity to respond is not as strong here--where Finfrock was given the opportunity to amend--as in the typical case, considerations of fairness and efficiency appear to weigh in favor of these procedural safeguards. See Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1183-85 (7th Cir.1989). Assuming that the district court erred in failing to provide these safeguards to Finfrock, we must remand for further proceedings unless a remand would be futile. See Shockley v. Jones, 823 F.2d 1068, 1073 (7th Cir.1987).
 
 
 4
 In the amended portion of the complaint, Finfrock alleges that during his thirty days in segregation, he had to sleep naked, and without sheets, blanket, or towel, upon a mattress on a concrete floor. He also alleges that was deprived of the mattress for six hours, and thus forced to spend that time on a concrete floor on which bugs and roaches were crawling. Without any allegation of actual injury, the six-hour period on the concrete floor, although regrettable if true, was a temporary condition, and not an Eighth Amendment violation. Harris v. Fleming, 839 F.2d 1232, 1235-36 (7th Cir.1988). As for the conditions during the remainder of the thirty days, Finfrock does not suggest that Superintendent Jordan (the defendant in question) knew about his lack of clothing and linen, but rather only knew about the "condemned" nature of the building. One might infer that the superintendent knew that inmates in this building were provided only with mattresses upon a concrete floor. Yet, the Eighth Amendment does not require elevated beds for prisoners. Mann v. Smith, 796 F.2d 79, 85 (5th Cir.1986); Powell v. Cook County Jail, 814 F.Supp. 757, 759 (N.D.Ill.1993). In the absence of any alleged risk of harm, this claim clearly must fail.
 
 
 5
 Finfrock also alleges in the amended complaint that Dr. Reyes denied him dental care for over two months while he lived in extreme pain resulting from problems with a bad tooth. According to Finfrock, he gave "sick call slips" to officers and nurses while he was in segregation. He asserts that he "knows the sick call slips made it to the dental department, for he even got one back that stated that he is on the list." What "the list" means we do not know, but the implication is that the dental department took note of his request for treatment. Finfrock says that during the three-and-a-half weeks after he left segregation, "at least twice a week he placed sick call slips to the dental department." The officers in his unit "knew of Mr. Finfrock's pain and had even called for him"--presumably to the dental department. One of the officers eventually told Finfrock to fill out a grievance against the dentist, and three days later, Finfrock's bad tooth was finally pulled.
 
 
 6
 We conclude, at the pleading stage, that these allegations stated a claim for denial of dental care. "Deliberately to ignore a request for medical assistance has long been held to be a form of cruel and unusual punishment, ... provided that the illness or injury for which assistance is sought is sufficiently serious or painful to make the refusal of assistance uncivilized." Cooper v. Casey, 97 F.3d 914 (7th Cir.1996) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976), and Davis v. Jones, 936 F.2d 971, 972 (7th Cir.1991)). Though there is no direct evidence that Dr. Reyes knew of Finfrock's complaints, the number and frequency of the complaints would permit, again at this stage of the case, a conclusion that Dr. Reyes knew about Finfrock's condition. Vance v. Peters, 97 F.3d 987, 993 (7th Cir.1996) (citing Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir.1995)). Moreover, Finfrock's allegations of serious and prolonged pain show a need for treatment. Cooper, 97 F.3d at 916-17. In sum, one can infer from the amended complaint that Dr. Reyes was deliberately indifferent to Finfrock's serious medical problem. We must remand for further proceedings on this claim.
 
 
 7
 We now turn to Finfrock's supplemental claims. We review denial of leave to supplement the complaint for abuse of discretion. In re Wade, 969 F.2d 241, 250 (7th Cir.1992); Twin Disc, Inc. v. Big Bud Tractor, Inc., 772 F.2d 1329, 1338 (7th Cir.1985). The factors which the district court may consider in deciding whether to grant leave to supplement (pursuant to Fed.R.Civ.P. 15(d)) are the same as those applicable to requests for leave to amend (pursuant to Fed.R.Civ.P. 15(a)). Glatt v. Chicago Park District, 87 F.3d 190, 194 (7th Cir.1996) (citing cases). Reasons to deny leave to supplement therefore include "repeated failure to cure deficiencies" and "futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). Finfrock had already failed in one opportunity to supplement his complaint properly, as the district court explained in its first order denying leave to supplement. The second attempt to supplement the complaint was somewhat more comprehensible, but still failed to state viable claims, largely for the reasons given by the district court. Entry of Sept. 26, 1995 at 3.[4] Accordingly, the district court did not abuse its discretion in denying leave to supplement.
 
 
 8
 The judgment is REVERSED with respect to the claim of denial of dental care by Dr. Reyes, and that claim is REMANDED for further proceedings. In all other respects, the judgment dismissing other claims in the case is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, and of appellant's statement as to need for oral argument, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The appellees inform us that this institution has since been renamed the Putnamville Correctional Facility
 
 
 [2]
 The appellees have moved to strike Finfrock's opening brief and to order rebriefing. As the appellees note, the opening brief is of a copy of Finfrock's memorandum in support of the amended complaint. See infra n. 3. Although the brief was not written for the purpose of appealing the judgment, and is not organized in the manner prescribed by Fed.R.App.P. 28 and Cir.R. 28, it is nonetheless clear as to its basic contention--that Finfrock stated claims for relief in his amended complaint--and as to the reasons for that contention. Although we admonish Finfrock to comply with the rules in any future appeals, we see no resulting prejudice to the appellees in this case, nor any benefit in rebriefing, and thus deny the appellees' motion
 
 
 [3]
 The appellees assume that the allegations in Finfrock's memorandum submitted in support of the "amended complaint" can be treated as part of that complaint. Similarly, the district court considered whether the allegations in the memorandum helped Finfrock's cause. Though the district court might have construed the memorandum in large part as an attempt to amend the complaint, and might have denied leave to make these amendments, it does not appear to have done so. Accordingly, we too shall consider the allegations in the supporting memorandum along with the allegations in the complaint itself, to see whether Finfrock's case should have been dismissed
 
 
 [4]
 Patton v. Przybylski, 822 F.2d 697 (7th Cir.1987), supports the district court's conclusion that alleged verbal harassment is not actionable. See id. at 700. The district court did overlook the allegations that Charles Vandermark put Finfrock in the maximum security unit for insufficient reason, and that Finfrock was later found not guilty of the alleged offense. However, four days in a maximum security unit does not amount to a deprivation of liberty under Sandin v. Conner, 115 S.Ct. 2293 (1995). The same is true for the thirty day period of segregation about which Finfrock complains