**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 20, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RODNEY DUTTON; SHIRLEY
DUTTON,

     Plaintiffs - Appellants,

v.

THE CITY OF MIDWEST CITY; DAN
PETERSON, Police Officer Badge #88;
OKLAHOMA COUNTY DETENTION
CENTER; STATE OF OKLAHOMA,

     Defendants - Appellees.

No. 15-6048
(D.C. No. 5:13-CV-01239-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PORFILIO**, and **PHILLIPS**, Circuit Judges.
_____

In this civil-rights case, Rodney and Shirley Dutton appeal pro se from district

court orders that granted the defendants' motions to dismiss and for summary

judgment. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm for

substantially the same reasons identified by the district court.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

Responding to a reported disturbance at the Duttons' home, Midwest City police officer Dan Peterson, a certified bomb technician, saw what he believed were numerous Molotov cocktails in the Duttons' open garage. Officers attempted to speak with Mr. Dutton, but he refused, stating he had "something" for them and they should "get the 'fuck' out of here." R., Vol. I at 60. A SWAT team arrived, shot Mr. Dutton through the window with sponge-tipped projectiles, and took him into custody. Officer Peterson prepared a probable-cause affidavit, charging Mr. Dutton with fifteen counts of manufacturing or possessing an explosive device. Mr. Dutton was detained in the Oklahoma County Detention Center (OCDC).

While awaiting trial, the Duttons filed a pro se 42 U.S.C. § 1983 suit in federal court against the State of Oklahoma, the OCDC, Midwest City, and Officer Peterson. The Duttons' claims against the State concerned its pursuit of criminal charges. The Duttons' claims against the OCDC concerned conditions of confinement. As for Midwest City and Officer Peterson, the Duttons advanced false-arrest and excessive-force claims. The Duttons also complained that the defendants' actions interfered with their marriage.

When the state criminal case against Mr. Dutton went to trial, the judge dismissed the charges due to insufficient evidence of criminal intent.

Meanwhile, in the federal civil case, the district court dismissed the State and OCDC, and it denied leave to amend. Each of the remaining parties then moved for

summary judgment. The district court granted summary judgment to Midwest City and Officer Peterson, prompting this appeal.

## DISCUSSION

We review the district court's orders de novo. *See Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010) (dismissal); *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1037 (10th Cir. 2011) (summary judgment). As summarized below, the Duttons have offered no cogent basis on which to reverse the district court's orders.[1]

We first address the dismissal of the State of Oklahoma and the OCDC. The State is immune from suits brought in federal court, *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010), and it has not waived that immunity for the types of claims advanced by the Duttons, *see* Okla. Stat. tit. 51, § 152.1. As for the OCDC, it is not a person or legally created entity that can be sued under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see, e.g.*, *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (stating that municipality's jail was not a person under § 1983). Dismissing those parties without granting leave to amend was proper, given that the Duttons proposed amending their complaint to bring in parties (the prosecutors in the state criminal case) who are absolutely immune from suit. *See Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1151 (10th Cir. 2013) ("[A] district court may dismiss without granting leave to

---

[1] Nor can we say that the district court abused its discretion in refusing to appoint counsel for the Duttons, given Mr. Dutton's demonstrated understanding of procedural and substantive legal issues.

3

amend when it would be futile to allow the plaintiff an opportunity to amend [the] complaint." (ellipsis, brackets, and internal quotation marks omitted)); *Thomas v. Kaven*, 765 F.3d 1183, 1191 (10th Cir. 2014) (observing that "[p]rosecutors are absolutely immune for those activities intimately associated with the judicial phase of the criminal process." (internal quotation marks omitted)). Accordingly, we affirm the district court's dismissal order and the denial of leave to amend.

As for summary judgment, that procedural mechanism "is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Riser v. QEP Energy*, 776 F.3d 1191, 1195 (10th Cir. 2015) (internal quotation marks omitted). Where, as here, a defendant asserts qualified immunity, the plaintiff must show that "(1) the defendant violated a constitutional right and (2) the constitutional right was clearly established" at the time of the challenged conduct. *Morris v. Noe*, 672 F.3d 1185, 1191 (10th Cir. 2012) (internal quotation marks omitted).

In regard to false arrest, the undisputed facts were that Officer Peterson observed numerous open containers of gasoline, rags, wires, and an antenna all within close proximity to each other, and Mr. Dutton belligerently refused to respond to the officers' concerns about the apparent incendiary devices and even threatened them. A reasonable police officer could have viewed these circumstances as providing probable cause to arrest Mr. Dutton. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) ("In the context of a warrantless arrest in a § 1983 action, this court must grant a police officer qualified immunity if a

4

reasonable officer could have believed that probable cause existed to arrest the plaintiff." (internal quotation marks omitted)).  The fact that the charges against Mr. Dutton were later dismissed is not determinative.  *See United States v. Morris*, 247 F.3d 1080, 1088 (10th Cir. 2001) ("Probable cause does not require facts sufficient for a finding of guilt.").

Regarding excessive force, because Officer Peterson had no involvement in apprehending Mr. Dutton, he is entitled to summary judgment.  *See Porro v. Barnes*, 624 F.3d 1322, 1327-28 (10th Cir. 2010) ("To establish a violation of § 1983 . . . the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights." (brackets and internal quotation marks omitted)).

As for the claims against Midwest City, they fail without an underlying constitutional violation, *see Ellis ex rel. Estate of Ellis v. Ogden City*, 589 F.3d 1099, 1104 (10th Cir. 2009), and without evidence of a municipal policy or custom behind the violation, *see Becker v. Bateman*, 709 F.3d 1019, 1025 (10th Cir. 2013).

Finally, to the extent Mrs. Dutton attempts to advance claims on behalf of her husband, it is well established that a litigant is generally prohibited from "raising another person's legal rights." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014) (internal quotation marks omitted).  And insofar as the Duttons complain that the defendants' actions interfered with their marriage, such a claim is not cognizable under 42 U.S.C. § 1983.  *See Stallworth v. City of Cleveland*, 893 F.2d 830, 838 (6th Cir. 1990).

Accordingly, summary judgment was properly granted in favor of Midwest City and Officer Peterson.

## CONCLUSION

The judgment of the district court is affirmed for substantially the same reasons given by the district court in its orders dated March 4, 2014, October 24, 2014, and March 18, 2015.[2]

Entered for the Court

John C. Porfilio
Circuit Judge

---

[2] We deny as moot the Duttons' "Notice of Related Civil Rights Complaints and Motion to Review for Appropriate Relief Regarding Judgment of Case."